PALMER ET AL., APPELLANTS AND CROSS-APPELLEES; DEANBERN INVESTMENT CORPORATION, *v.* WESTMEYER ET AL., APPPELLEES AND CROSS-APPELLANTS.

(No. L-88-017 — Decided December 16, 1988.)

*David D. Palmer,* for appellants.

*Shumaker, Loop & Kendrick* and *William H. Heywood III,* for Joseph W. Westmeyer, Jr. et al.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. The case involves claims by plaintiffs-appellants/cross-appellees David D. Palmer, Ok Sun Palmer, and Deanbern Investment Corporation against defendants-appellees/cross-appellants Joseph W. Westmeyer, Jr., Joseph W. Westmeyer, Jr. Co., L.P.A., and Mark Robinson for legal malpractice and against defendant-appellee/cross-appellant Deborah Hyndman, a paralegal and notary public. Appellees represented appellants in connection with the operation of the Asian Palace Restaurant which closed in 1982. Appellant David Palmer acted as general contractor of the restaurant and arranged for construction services for the restaurant. Several creditor lawsuits were later filed against the Palmers, individually, for nonpayment on these contractual obligations.

Initially, we must note that Deanbern Investment Corporation ("Deanbern") did not file a valid appellate brief. On May 24, 1988, Deanbern filed a *pro se* brief, signed by David D. Palmer, president. However, this brief was stricken by this court on July 27, 1988 based upon the authority of R.C. 4705.01, which prohibits the unauthorized practice of law, and *Union Savings Assn.* v. *Home Owners Aid, Inc.* (1970), 23 Ohio St. 2d 60, 52 O.O. 2d 329, 262 N.E. 2d 558, syllabus, which interprets R.C. 4705.01 as disallowing a corporate officer or appointed agent who is not an attorney from maintaining litigation *pro se* on behalf of the corporation. Appellants were given leave to hire an attorney to prepare and file a brief on behalf of the corporation. However, such was not done. Appellant David Palmer has filed a memorandum in opposition to appellees' motion to dismiss Deanbern and further motions. Therein, he requests leave "* * * to enter an appearance as a plaintiff-appellant relevant to a Shareholders' Derivative action * * *" and also requests "* * * an order from this court substituting as a party-plaintiff in this case David Palmer as a plaintiff in the place of Deanbern * * *." Such action by this court would not remedy the situation. In a shareholders' derivative action, appellant would still be representing the corporation's and/or shareholders' interests. Appellant's motions are denied. Therefore, appellees' motion to dismiss Deanbern, filed October 27, 1988, is hereby found well-taken and granted. See App. R. 18(C). Accordingly, Deanbern Investment Corporation is no longer involved in this appeal.

The trial court granted summary judgment against appellants in favor of appellees, and the judgment was later finalized by inclusion of language found in Civ. R. 54(B) that "* * * there is no just reason for delay. * * *"[1]

Summary judgment is appropriate where it is shown "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47.

Appellant David Palmer's first assignment of error states:

"The trial court erred in holding that as a matter of law the defendants' actions and violations of the Discipli-

---

[1] Counts 6 and 7 of appellants' complaint remain pending below.

nary Rules does [*sic*] not constitute malpractice."

Appellant Ok Sun Palmer's first assignment of error states:

"The trial court erred in holding that as a matter of law violations of the Disciplinary Rules does [*sic*] not constitute malpractice."

Appellants in these assignments of error dispute the court's holding regarding what constitutes malpractice.

In a malpractice action, a plaintiff must allege and prove " * * * (1) the existence of a relation that implies a right in favor of the plaintiff and a corresponding duty owed by the defendant, (2) a violation of such duty, and (3) facts showing that the plaintiff has suffered injury or financial damage as a proximate result of the violation of duty. * * *" (Footnote omitted.) 67 Ohio Jurisprudence 3d (1986) 21, Malpractice, Section 14. The duty of an attorney to his client is to " * * * exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed. * * *" (Footnotes omitted.) 67 Ohio Jurisprudence 3d (1986) 16, Malpractice, Section 9. There is no damage if the plaintiff claiming malpractice cannot show that absent the alleged malpractice he would have successfully prosecuted or defended the underlying action. 67 Ohio Jurisprudence 3d (1986) 24, Malpractice, Section 17.

An action for malpractice shall be brought within one year after the cause thereof accrued. R.C. 2305.11 (A).

"Under R.C. 2305.11(A), a cause of action for legal malpractice accrues and· the statute of limitations commences to run when the client discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. (*Keaton Co.* v. *Kolby*, 27 Ohio St. 2d 234 [56 O.O. 2d 139], and all other inconsistent cases, overruled.)" *Skidmore & Hall* v. *Rottman* (1983), 5 Ohio St. 3d 210, 5 OBR 453, 450 N.E. 2d 684, syllabus.

Analogizing to medical malpractice cases, the statute of limitations would commence to run upon discovery of the damage or upon the termination of the attorney-client relationship for that case, whichever occurs later. See *Frysinger* v. *Leech* (1987), 32 Ohio St. 3d 38, 512 N.E. 2d 337, paragraph one of the syllabus.

Appellants claim that the trial court erred in holding that violations of the Disciplinary Rules do not constitute malpractice. The court's holding is not erroneous. A complaint of misconduct by an attorney for violation of a Disciplinary Rule subjects the attorney to disciplinary action such as reprimand, suspension or disbarment from the practice of law. Jurisdiction is with the Supreme Court of Ohio. Malpractice is the breach of a duty owed with proximately resulting damages from which recovery can be had in the court which has jurisdiction.

When the creditor suits were filed, the Board of Directors of Deanbern Investment Corporation, which included David Palmer, agreed that corporate counsel, the appellees, would represent David Palmer, instead of Palmer having outside counsel represent him at his own cost. The board also agreed that any judgments that resulted from these suits would be paid by Deanbern, not by Palmer individually. Appellants claim that appellees violated their duty not to represent conflicting interests without full disclosure to, and permission of, the clients. A breach of this duty would not, in and of itself, constitute malpractice. There must also be damages proximately resulting from any breach. Appellants' first assign-

ments of error are found not well-taken.

Appellant David Palmer contends in his second assignment of error that:

"The trial court erred in holding that the defendants' actions in fraudulently charging exhorbitant [sic] legal fees does [sic] not constitute malpractice."

A cause of action exists for non-payment of money owed. There is no cause of action for a person owing money. If the person owing money disputes the bill, his remedy is to raise the excessiveness of any charges as a defense to a suit against him. Appellant David Palmer's second assignment of error is found not well-taken.

Appellant David Palmer asserts in his fourth assignment of error that:

"The trial court erred in holding that the 'proximate' cause for the closing of the restaurant was due to economic reasons and that no damages lie with the defendants."

Similarly, appellant Ok Sun Palmer asserts in her second assignment of error that:

"The trial court erred in holding that the 'proximate' cause for the demise of the restaurant was due to economic reasons and no damages lied [sic] with the defendants."

In Count 1, paragraph seventeen of the complaint, appellants alleged:

"Palmer refused to pay the $7,500.00 [attorney fees] demanded by defendant Westmeyer and defendant Westmeyer did then cause the restaurant business to close resulting in loss to Deanbern [Investment Corporation] in the amount of $500,000.00."

This allegation is in the nature of a shareholders' derivative suit, being a cause of action belonging to the corporation and not to the Palmers individually. Deanbern is no longer a party to this appeal. Thus, appellants have no standing to raise these assignments of error. Therefore, appellants' assignments of error in this regard are found moot and not well-taken.

Due to the interrelationship of appellant David Palmer's seventh, eighth, ninth and tenth assignments of error, they will be addressed simultaneously. These assignments of error state:

"7. The trial court erred in holding that Palmer was personally liable for Counts Two, Four and Five.

"8. The trial court erred in holding that the statute of limitations had run as to Counts Two, Four and Five.

"9. The trial court erred in holding that Palmer had personally entered into a contractual relationship and was personally liable as to Count Five.

"10. The trial court erred in holding that, as to Counts Two and Four, no conspiracy existed."

Counts 2, 4 and 5 of the amended complaint all involve claims by David Palmer that appellees committed malpractice by failing to properly defend him in lawsuits brought against him personally for nonpayment on accounts by creditors who performed construction at the Asian Palace Restaurant.

Count 2 involves a suit filed on May 19, 1981 by Armstrong Heating and Air Conditioning Company ("Armstrong") solely against David Palmer. Appellant David Palmer contends that the suit involved a debt owed by Deanbern which Palmer incurred in his status as president of Deanbern. However, the contract with Armstrong was signed "David Palmer." No mention was made in the contract of Deanbern or Palmer's status other than as an individual.

The law in Ohio is well-established that "* * * if the contract fails to disclose the corporate principal * * * and is signed by the officer in his in-

dividual capacity, there is little doubt but that the officer, and not the corporation, will be personally liable thereon. * * *'' 12 Ohio Jurisprudence 3d (1979) 122, Business Relationships, Section 462.

Thus, it is clear that reasonable minds could only conclude that appellant David Palmer was personally liable on the contract. In addition, appellant cannot show that raising a defense based upon his status as president of Deanbern would have succeeded in having the court in *Armstrong Heating & Air Conditioning Co.* v. *Palmer* find him not personally liable on the contract. Furthermore, as agreed by the Board of Directors of Deanbern, of which Palmer was a member, the judgment was, in fact, paid by Deanbern. Appellant admits knowing that settlement payments were being made by the Deanbern Board of Directors. The *Armstrong* case docket sheet specifically notes that the parties were present with their counsel in court on June 1, 1981 when the case was settled. Thus, appellant's allegation that appellees signed a consent journal entry without notice to or authority from him is contradicted. He knew or should have known of the existence of the consent journal entry by July 1981; therefore, since the complaint was not filed until October 1982, any malpractice claim is barred by the one-year statute of limitations in R.C. 2305.11. *Skidmore, supra,* at the syllabus.

The trial court committed no error in its holding regarding Count 2.

Count 4 involves a suit filed by Jim Wing Plumbing Company against David Palmer and Deanbern Investment Corporation, d.b.a. Asian Palace. Deanbern, through appellees, its attorneys, admitted liability by signing a journal entry. The account attached to the Jim Wing Plumbing Company's complaint refers only to David Palmer. There is no reference to Deanbern.

Thus, although Deanbern admitted liability, personal liability also lies with Palmer, individually. Moreover, appellant also signed a consent entry on December 7, 1981, granting judgment against him in favor of Jim Wing Plumbing Company. By this time, appellant had retained other counsel who was purportedly protecting his interests in regard to Deanbern. This counsel signed another journal entry two months later in the same action, reaffirming appellant's personal obligation to Jim Wing Plumbing Company. Thus, there is no question as to any material fact and appellees were entitled to summary judgment on this claim of malpractice as a matter of law.

Count 5 involves a suit by Ed and Jim Fleitz, Inc. ("Fleitz") against David Palmer for masonry services performed in building the Asian Palace Restaurant. The invoice attached to the complaint was addressed solely to David Palmer. It did not mention Deanbern Investment Corporation. Although Palmer alleges that Fleitz was aware of his status as president of Deanbern, upon deposition, appellant did not recall ever mentioning to the Fleitz company that the work was being done for Deanbern. These facts indicate that appellant cannot show that raising a defense based upon his status as president of Deanbern would have succeeded in having the court in *Ed & Jim Fleitz, Inc.* v. *Palmer* find him not personally liable on the contract. Therefore, appellee Mark Robinson's signing of the consent journal entry was not malpractice. Summary judgment was appropriate.

Counts 2, 4 and 5 further alleged that appellees conspired against appellants. Conspiracy allegations add nothing further to a plaintiff's action other than the underlying wrongdoing that is the basis of the conspiracy. *Minarik* v. *Nagy* (1963), 8 Ohio App. 2d 194, 195, 93 Ohio Law Abs. 166,

168, 26 O.O. 2d 359, 360, 193 N.E. 2d 280, 281 (" '* * * [A] conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action. * * *' "); *Budinsky* v. *Universal Carloading & Distributing Co.* (App. 1937), 23 Ohio Law Abs. 12, 15 (" '* * * Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done * * * in pursuance of a conspiracy.' "). Therefore, since summary judgment was properly granted as to Counts 2, 4 and 5, the court was also correct in finding no cause of action for conspiracy.

Accordingly, appellant David Palmer's Assignments of Error Nos. 7, 8, 9 and 10 are found not well-taken.

Appellant David Palmer's eleventh assignment of error claims:

"The trial court erred in holding, as to Count Three, that Palmer was personally liable[,] that no conspiracy, as defined by law existed, that no malpractice existed and that the claim was barred by the statute of limitations."

Appellant Ok Sun Palmer's third assignment of error contends:

"The trial court erred in holding that the statute of limitations had [not] tolled relevant to plaintiffs' Count Three."

Count 3 involves a foreclosure action against the Palmers by Innsbrook Builders which arose out of the Palmers' default on a promissory note which they had entered into with Innsbrook Builders at the time they purchased their home. The Ohio Department of Taxation entered the action and filed a cross-claim against the Palmers, claiming an interest in the Palmers' property based on previously filed judgment liens. These judgment liens were the result of delinquent sales tax owed by the Palmers' oriental food business. The Palmers concede

that sales tax was owed to the state. They dispute the amount of the tax owed; however, the time to contest such dispute was before judgment liens were entered.

On July 16, 1981, the court entered judgment in favor of the state for the amount of the judgment liens which it declared were valid. The court further found that the liens should be foreclosed and the Palmers' premises sold.

Foreclosure is a routine result of tax liens. Here, the tax liens did result in a foreclosure action. The appellees' approval of the court's foreclosure judgment had little, if any, effect and certainly did not constitute malpractice. Appellants paid the judgment after a notice of sale of the home was published in the Legal News. A satisfaction of judgment entry was thereafter filed. Appellants cannot show that interposing an objection as to previously filed judgment liens would have prevented a foreclosure action. The time to dispute the tax assessments had long passed.

Appellant David Palmer's eleventh assignment of error and appellant Ok Sun Palmer's third assignment of error regarding Count 3 are found not well-taken.

Appellant David Palmer asserts in his third and fifth assignments of error:

"The trial court erred in holding that the slanderous utterings made by the defendants were privileged [*sic*] and a responsibility of the defendants to the board of Deanbern."

"The trial court erred in holding that the claims of the plaintiffs contained in Count One were barred by the statute of limitations."

Appellant alleged in Count 1, paragraph thirteen of his amended complaint that:

"From February through December 1981, defendant Westmeyer told Deanbern through its other officers and agents that Palmer: was embezzl-

ing corporate funds; was keeping two sets of books; was a 'crook'; was conspiring with Deanbern's landlord to oust the corporation for the benefit of Palmer; and defendant Westmeyer could prove everything he said."

The trial court held that these statements "* * * were privileged by the defendant and were the responsibility of the attorney to the board of Deanbern."

These alleged statements in paragraph thirteen relate to Palmer's relationship and interaction with Deanbern Investment Corporation and were made to members of the Board of Directors of Deanbern, appellees' client. As such, appellees, as attorneys for Deanbern, had a responsiblity to protect their client's interest by bringing the suspected wrongdoing to the attention of the board, which had an interest in the proceedings. Since these alleged remarks of wrongdoing related to proposed litigation and were allegedly published solely to persons having an interest in the subject matter of the communications, these statements were privileged. *Schmidt* v. *State Aerial Farm Statistics, Inc.* (1978), 62 Ohio App. 2d 48, 51, 16 O.O. 3d 85, 87, 403 N.E. 2d 1026, 1028. See, also, *Justice* v. *Mowery* (1980), 69 Ohio App. 2d 75, 23 O.O. 3d 100, 430 N.E. 2d 960; Annotation (1983), 23 A.L.R. 4th 932.

Furthermore, these allegedly slanderous statements were published more than one year before the original complaint was filed on October 22, 1982. The date of publication and not the discovery thereof is the time for accrual of such an action. *Snell* v. *Drew* (Nov. 1, 1985), Lucas App. No. L-85-074, unreported, at 4; *Rainey* v. *Shaffer* (1983), 8 Ohio App. 3d 262, 263, 8 OBR 354, 355, 456 N.E. 2d 1328, 1330.

Accordingly, appellant David Palmer's third and fifth assignments of error are found not well-taken.

Both sides opine that it is incomprehensible why the court granted summary judgment on Count 1, but not on Count 6, when the allegations are nearly identical. Thus, appellees/cross-appellants assert in their cross-assignments of error that:

"I. The trial court erred in denying defendants' motion for summary judgment as to plaintiffs' sixth claim for relief, alleging defamation of plaintiff David Palmer by defendant Joseph Westmeyer, because any such remarks were privileged. Additionally, most of the alleged remarks were made before October 22, 1981, and therefore are barred by the one-year statute of limitations set forth in [R.C.] 2305.11.

"II. The trial court erred in denying defendants' motion for summary judgment as to plaintiffs' seventh claim for relief, on the grounds [*sic*] that the claim fails to state a claim upon which relief can be granted."

It is elementary that an order denying a motion for summary judgment is not a final appealable order. *State, ex rel. Overmeyer,* v. *Walinski* (1966), 8 Ohio St. 2d 23, 37 O.O. 2d 358, 222 N.E. 2d 312. There is a final judgment and a final appealable order where a trial court enters judgment for less than all claims and expressly determines that there is no just reason for delaying appeal on the matters adjudicated. *T.R. Barth & Assoc.* v. *Marginal Enterprises, Inc.* (1976), 48 Ohio App. 2d 218, 2 O.O. 3d 182, 356 N.E. 2d 766, paragraph three of the syllabus. However, only those matters adjudicated may be appealed. "A finding of 'no just reason for delay,' pursuant to Civ. R. 54(B), does not make appealable an otherwise non-appealable order." *Douthitt* v. *Garrison* (1981), 3 Ohio App. 3d 254, 3 OBR 286, 444 N.E. 2d 1068, paragraph one of the syllabus.

Thus, this court lacks jurisdiction to review the propriety of the denial of

appellees' motion for summary judgment regarding Counts 6 and 7 of appellants' amended complaint. Accordingly, both of appellees' assignments of error are found not well-taken.

In his twelfth assignment of error, appellant David Palmer asserts:

"The trial court erred in holding that defendant Deborah Hyndman was not involved in any actions contained in Counts Six and Seven, and in dismissing Hyndman as a defendant."

Similarly, appellant. Ok Sun Palmer asserts in her fourth assignment of error that:

"The trial court erred in finding that defendant Deborah Hyndman should be dismissed."

In its November 5, 1986 judgment entry, the trial court held:

"It is the further finding of the court that Deborah Hyndman is not implicated in any of the seven causes of action and should be dismissed as a defendant with summary judgment in her favor."

In its January 7, 1987 specification of facts for the November 5, 1986 judgment entry, the court stated:

"In regard to dismissing Deborah Hyndman, it is further found that she was not involved in Count Six or Count Seven and therefore should be dismissed as a party to this action."

The only mention in the amended complaint of Deborah Hyndman is in Count 7, paragraph fifty-five. Therefore, with respect to the first six causes of action, summary judgment was appropriately granted in favor of appellee Hyndman. Moreover, since she is not an attorney, she cannot be charged with legal malpractice, the subject of Counts 1 through 5. Count 7 concerns an alleged wrongful issuance of a temporary restraining order in the case of *Deanbern Investment Corp.* v. *Palmer* and the allegedly malicious prosecution thereof. Because Hyndman was not a lawyer and, hence, was neither pursuing prosecution of the *Deanbern Investment Corp.* v. *Palmer* case nor a party to it, she cannot be liable for malicious prosecution of that case. Therefore, summary judgment was appropriately granted to appellee Hyndman as to Count 7 of the amended complaint. Accordingly, appellant David Palmer's twelfth assignment of error and appellant Ok Sun Palmer's fourth assignment of error are found not well-taken.

On consideration whereof, this court finds substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. This cause is remanded for further proceedings not inconsistent with this judgment.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.