OPINION
{¶ 1} Defendant-appellants Heil Windermere Storage Moving, Co. and Eileen F. Heil appeal from the June 30, 2004, Judgment Entry of the Stark County Court of Common Pleas. Appellants assign two errors to the trial court:
 {¶ 2} "I. The trial court's finding that the listing contract was signed and personally guaranteed by Eileen F. Heil is against the manifest weight of the evidence, contrary to law, and an abuse of discretion.
 {¶ 3} "II. The trial court's finding that there was concerted activity on the part of Eileen F. Heil, Heil winderemere moving storage or any party is against the manifest weight of the evidence and the impositon of any liability therefor is contrary to law, and an abuse of discretion."
 {¶ 4} Appellants' co-defendants, Phillip Kubec, Move It Now, and MPK Holdings, LTD aka MPK Holdings LLC have also appealed the judgment in Stark App. No. 2004CA00242.
 {¶ 5} Appellee Fuller Associates, Inc. is a business broker which sells ongoing businesses. On or about November 5, 2001, appellee and appellant Heil Windermere Storage Moving entered into an exclusive "right to sell" listing contract. Pursuant to the terms of the contract, appellant Heil Windermere agreed to pay appellee a fee in the amount of 8% of the total purchase price or a minimum of $8,000.00, whichever is greater, if "OWNER sells, leases, trades, or otherwise disposes of all or any part of the Business within ONE (1) YEAR from the termination date of the Sole and Exclusive Period to any person, firm or entity referred to the BUSINESS by BROKER, or who became aware of the Business through the efforts of BROKER during the Sole and Exclusive Period."
 {¶ 6} Appellant Eileen Heil, who is a shareholder and officer of appellant Heil Windermere, signed the contract. Directly above her signature is printed: "We have read and understood, and hereby agree to the above terms and provisions of this contract and any Addendum hereto, and hereby acknowledge receipt of a copy of this contract. Also, I/we represent and warrant that I/we constitute all of the owners/partners/shareholders of the business listed herein and hereby personally guarantee performance of this contract." The contract expired on April 30, 2002.
 {¶ 7} Pursuant to an addendum signed by appellant Eileen Heil and by Richard Heil, who is also a shareholder and officer of appellant Heil Windermere, the contract was extended until October 31, 2002.
 {¶ 8} On August 20, 2002, MPK entered into a confidentiality agreement with appellee. In the confidentiality agreement, which was signed by appellant Philip Kubec on behalf of MPK, MPK agreed to "structure the transaction to assure that Fuller's [appellee's] fee, per its written agreement with the Company is properly provided for in the purchase and sale documents and is complied with at closing." Subsequently, after appellee introduced MPK Holdings to appellant Heil Windermere, MPK entered into a purchase agreement with appellant Heil Windermere for the purchase of the business. In late 2002, the business was sold to appellant Move It Now, Inc. for $320,000.00.
 {¶ 9} On March 3, 2003, appellee filed a complaint for breach of contract and breach of personal guaranty against appellants Heil Windermere, Eileen Heil and MPK. The complaint alleged appellant Heil Windermere had breached the contract by failing to pay appellee its brokerage commission and appellant Eileen Heil had given her personal guaranty to pay, but had also breached the contract. Appellee further alleged MPK had breached the confidentiality agreement by failing to provide for the payment of appellee's brokerage commission, or that, in the alternative, appellant MPK had entered into a contract to assume liability for the payment of brokerage commissions to appellee, who was a third party beneficiary to such contract, and MPK had breached the contract.
 {¶ 10} With leave of court, appellee filed an amended complaint, adding Richard Heil, Phillip Kubec and Move It Now, Inc. as defendants. The amended complaint contained ten counts, alleging breach of contract, fraud in the inducement of the contract, tortious interference with contract rights, and fraud. The complaint also alleged Heil Windemere was the alter ego of Eileen and Richard Heil, while Move It Now, Inc. and/or MPK Holdings was the alter ego of Phillip Kubec. Appellee sought both compensatory and punitive damages as well as prejudgment and post judgment interest and attorney's fees.
 {¶ 11} On February 25, 2004, appellee voluntarily dismissed count eight of its complaint [fraud] with respect to appellant Richard Heil only.
 {¶ 12} After a bench trial the trial court granted judgment against appellants Heil Windermere, Eileen Heil, MPK, Phillip Kubec and Move It Now in the amount of $25,600.00 (8% of the $320,000.00 purchase price), the amount of the brokerage commission due and owing to appellee, plus interest. The trial court stated:
 {¶ 13} "The Court finds that the following parties have breached their legal duty and are jointly and severally responsible for the amount due. The following entities are legally responsible: Heil Windermere Moving Storage Company, Eileen Heil, MPK Holdings LLC, Phillip Kubec Move It Now, Inc. The Court can find no legal responsibility for Richard Heil personally.
 {¶ 14} "Clearly, the above entities were involved in a concerted effort to deprive the broker of the earned brokerage commission. The broker brought the parties together in this matter and was intimately involved in the negotiation of the purchase. The above parties are legally responsible. The corporation, Move It Now, Inc., was formed specifically to buy Heil Windermere and is simply an arm of Kubec and MPK."
 {¶ 15} Appellants filed two separate requests for findings of fact and conclusions of law pursuant to Civ.R. 52. Appellants' motions were denied by the trial court.
 {¶ 16} Appellants challenge the trial court's findings, arguing they are against the manifest weight of the evidence, contrary to law, and an abuse of discretion. It is well settled that a judgment supported by competent and credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence, C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St. 2d 279, 376 N.E. 2d 578. When the issue is one of the manifest weight of the evidence, the reviewing court has the authority and duty to weigh the evidence and determine whether the findings of the trier of fact were so against the weight of the evidence as to require reversal and remanding of the case for re-trial, State ex rel. Squire v. City of Cleveland (1948),150 Ohio St. 3d 303, 82 N.E. 2d 709. A reviewing court must presume the findings of the trier of fact were correct, Season Coal Company v.Cleveland (1984), 10 Ohio St. 3d 77, 461 N.E. 2d 1273. The fact finder is best able to view the witnesses and judge the credibility of the testimony, Id.
 {¶ 17} However, the Supreme Court has established a different standard for reviewing courts to apply in examining how trial courts have interpreted a contract, Nationwide Mutual Fire Insurance Company v. GumanBrothers Farm (1995), 73 Ohio St. 3d 107. If a contract is clear and unambiguous, then its interpretation is a matter of law, and there is no issue of fact presented, see, e.g., Inland Refuse Transfer Company v.Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St. 3d 321. This court reviews a trial court's decisions on questions of law de novo.
 I {¶ 18} In their first assignment of error, appellants argue the trial court incorrectly found appellant Eileen Heil signed the contract individually and is personally liable.
 {¶ 19} As noted supra, the contract between the parties provided: "I/we have read, understood, and hereby agree to the terms and provisions of this contract and any Addendum hereto, and hereto acknowledge receipt of a copy of this contract. Also/we represent and warranty that I/we constitute all of owner/partners/shareholders of the business listed herein and hereby personally guarantee performance of this contract."
 {¶ 20} The signature below the paragraph is appellant Eileen Heil's individual signature with no designation she is an agent of Heil Windemere. The contract identifies Eileen Heil as the owner of the property. In the Addendum to the contract, Eileen F. Heil signed a line marked "seller" with no further annotations. In an amendment to the listing contract, Eileen F. Heil signed on a line marked "seller". Below her signature, Richard Heil, also signed as "seller", but beneath his signature is what appears to be the word "secretary".
 {¶ 21} In George Ballas Leasing, Inc. v. State Security Service, Inc.
(December 31, 1991), Lucas Appellate No. L-91-069, the Court of Appeals found a signature gives a clear indication the signer is acting as an agent if the name of the principal is disclosed, the signature is preceded by words of agency, such as "by", "per", or "on behalf of", and the signature is followed by a title or statement showing the capacity in which the signer is executing the document.
 {¶ 22} Based upon the above, we find the trial court correctly found appellant Eileen Heil had personally guaranteed to pay the brokerage commission.
 {¶ 23} The first assignment of error is overruled.
 II {¶ 24} In their second assignment of error, appellants argue the trial court's finding the various appellants acted in concert was against the manifest weight of the evidence and contrary to law, and thus, liability may not be imposed on them.
 {¶ 25} In its complaint, appellee alleged fraud, tortious interference with the contract, and civil conspiracy. In order to recover for a claim of intentional interference with a contract, a claimant must prove: (1) a contract; (2) the wrongdoer's knowledge of the contract; (3) the intentional procurement of a breach; (4) the absence of justification; and (5) damages resulting from the breach, see, e.g., Larissey v.Financial Investment (November 26, 1986), Cuyahoga Appellate Nos. 50933, 50934, and 50935. In Juhasz v. Quick Shops, Inc. (1977),55 Ohio App. 2d 51, the Court of Appeals for Summit County found tortious interference with a contract means: (1) the defendant's conduct interfered with the business rights of the plaintiffs; and (2) taking into consideration the situation and relationship between the parties, such conduct on behalf of the defendant was not privileged.
 {¶ 26} The Ohio Supreme Court has defined civil conspiracy as a malicious combination of two or more persons acting to injure another in person or property, in a way not competent for one person acting alone, which results in actual damages, Williams v. Aetna Finance Company
(1998), 83 Ohio St. 3d 465. The act must be a tort, see Galmish v.Cicchini (June 2, 1999), Stark Appellate No. 97-CA-00319.
 {¶ 27} Appellants argue breach of contract is not a tort, MotoristMutual Insurance Company v. Said (1992), 63 Ohio St. 3d 690. Thus, breach of contract cannot be an underlying activity giving rise to a civil conspiracy. Appellants argue if one person may lawfully commit an act, then the fact the act is committed by two or more persons, even maliciously, cannot be the basis for a conspiracy claim, see Palmer v.Westmeyer (1998), 48 Ohio App. 3d 296. While appellants are correct, intentional interference with business relationships is a tort, and is one of the bases of appellee's claim.
 {¶ 28} Additionally, appellants argue there is no malice demonstrated in any of the actions the various appellants performed. The element of malice in a tort action may be presumed by the nature of the act. For example, in an action for malicious prosecution, if the want of probable cause is proven, one permissible legal inference is that the proceedings are actuated by malice, Melanowski v. Judy (1921), 100 Ohio St. 153. Thus, in Gosden v. Lewis (1996), 116 Ohio App. 3d 195, 687 N.E. 2d 481, the Court of Appeals for the Ninth District held malice may be inferred from or imputed to a common design by two or more persons to cause harm to another and need not be proven separately or expressly. In fact, the proof of a malicious combination of two or more persons to injure another does not require a showing of an express agreement, but only a common understanding or design, even if tacit, to commit an unlawful act.
 {¶ 29} We have reviewed the record, and we find there was sufficient, competent and credible evidence to demonstrate the various appellants acted in concert in such a way to deprive appellee of the brokerage commission it had earned.
 {¶ 30} The second assignment of error is overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J. and Hoffman, J. concur Edwards, J. dissents.