**BANK OF NEW YORK, Appellee,**

**v.**

**MILLER, Trustee, Appellant; Bradley et al., Appellees.**

[Cite as *Bank of New York v. Miller*, 185 Ohio App.3d 163, 2009-Ohio-6117.]

Court of Appeals of Ohio,
Fifth District, Knox County.

No. 09–CA–20.

Decided Nov. 18, 2009.

Reisenfeld & Associates, L.P.A., L.L.C., Sallie A. Conyers, Matthew C. Gladwell, and Daniel A. Cox, for appellee Bank of New York.

Scott A. Pullins, for appellees Charles and Sonya Bradley.

Paul Eugene Miller, pro se, as trustee for the Monroe Mills Trust.

DELANEY, Judge.

{¶ 1} Appellant, Paul Eugene Miller, appeals from the judgment of the Knox County Court of Common Pleas, disqualifying him as a "pro se representative" of the Monroe Mills Trust on the grounds that appellant was not properly licensed legal counsel authorized to file pleadings in the matter. Appellees are plaintiff Bank of New York and defendants Charles and Sonya Bradley ("defendants-appellees").

{¶ 2} On June 11, 2008, plaintiff-appellee Bank of New York, as trustee for the certificate holders CWABS, Inc., Asset–Backed Certificates, Series 2006–IM1 ("plaintiff-appellee"), filed a complaint for foreclosure in the Knox County Common Pleas Court against the following defendants: Charles N. Bradley, Sonya M. Bradley, Dennis Emmers, trustee of the Monroe Mills Trust, unknown tenant at 14919 Monroe Mills Road, Howard, Ohio, 43055, Knox County Treasurer, the Monroe Mills Trust, unknown beneficiaries of the Monroe Mills Trust, unknown trustees and successor trustees of the Monroe Mills Trust, and unknown grantors of the Monroe Mills Trust. Appellant was never personally named as a defen-

dant in the action. However, on September 4, 2008, he was substituted as trustee for the Monroe Mills Trust for Dennis Emmers, who resigned as trustee for the trust.

{¶ 3} On July 16, 2008, Miller filed an answer in a "pro se" capacity, but on behalf of the Monroe Mills Trust. On August 15, 2008, defendants-appellees filed a motion to disqualify and strike the responsive pleading filed by appellant.

{¶ 4} The trial court did not immediately rule on defendants-appellees' motion. Subsequent to the filing of the motion to disqualify, appellant filed a request for production of documents on October 8, 2008, and on November 10, 2008, he filed a motion to dismiss, motion to compel, and motion to strike plaintiff's motion for default judgment.

{¶ 5} On February 18, 2009, the trial court entered an order disqualifying appellant as a pro se representative of defendant the Monroe Mills Trust. The court also ordered that any pleadings filed by appellant be stricken from the record. The court also granted the Monroe Mills Trust until March 13, 2009, to obtain licensed legal counsel to represent the trust and to file a responsive pleading to the complaint filed by plaintiff-appellee.

{¶ 6} Appellant appealed the trial court's order and raises one assignment of error:

{¶ 7} "I. The common pleas court improperly disqualified appellant Paul–Eugene Miller as a pro se representative as trustee of the Monroe Mills Trust and improperly accused appellant Paul–Eugene Miller of practicing law without a license. The common pleas court lacked standing under the Ohio Revised Code to make the determination of the practice of law without a license."

{¶ 8} This matter is before this court, sua sponte, for consideration of dismissal of the action. Appellant has filed a notice of appeal and merit brief in an appeal from a judgment entered against him by the Knox County Court of Common Pleas, disqualifying him from representing the Monroe Mills Trust in any legal proceedings.

{¶ 9} While appellant purports to be a trustee of the Monroe Mills Trust, he is not personally a party to this action, nor is he an attorney at law authorized to practice law in front of this or any other court in the State of Ohio.

{¶ 10} A trustee of a trust, who is not a licensed and registered attorney at law, may not file pleadings, argue, or otherwise represent the trust as its counsel in a court. *Scott v. H.T.M. Trust,* 3d Dist. No. 12–90–4, 1991 WL 82878, citing *Williams v. Global Constr. Co., Ltd.* (1985), 26 Ohio App.3d 119, 26 OBR 330, 498 N.E.2d 500, syllabus; see R.C. 4705.01; see also *Palmer v. Westmeyer* (1988), 48 Ohio App.3d 296, 549 N.E.2d 1202 (disallowing officer of corporation

from representing corporation in legal proceedings in a pro se capacity where officer is not an attorney at law).

{¶ 11} Appellant attempted to file an answer to plaintiff-appellee's complaint in the trial court on behalf of the Monroe Mills Trust, and also filed responsive pleadings in the case after defendant-appellees filed a motion to disqualify appellant from filing any pleadings on their behalf.

{¶ 12} With regard to claims against any defendant, Miller is limited to representing his interests only as a pro se litigant. *Otto v. Patterson* (1962), 173 Ohio St. 174, 180 N.E.2d 575.

{¶ 13} This court may not and does not condone the unauthorized practice of law. When a nonattorney files a notice of appeal and attempts to prosecute the appeal in court as counsel on behalf of another, such constitutes the unauthorized practice of law for which the pleadings filed should be stricken and the proceeding thus attempted dismissed. *Scott,* supra, citing *Union Sav. Assn. v. Home Owners Aid* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558; *Palmer v. Westmyer* (1988), 48 Ohio App.3d 296, 549 N.E.2d 1202; *Studer v. Fisher* (Nov. 27, 1989), 3d Dist. No. 1–88–8, 1989 WL 145719; *W. Monetary Consultants, Inc. v. Rush* (May 6, 1987), 9th Dist. No. 4097, 1987 WL 4835.

{¶ 14} The unauthorized practice of law is defined as "the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II, [interns], Rule IX [temporary certification], or Rule XI [foreign legal consultants] of the Supreme Court Rules for the Government of the Bar of Ohio." Gov.Bar R. VII(2)(A).

{¶ 15} Moreover, R.C. 4705.01 prohibits any person not admitted to the Ohio Bar by order of the Supreme Court of Ohio from commencing, conducting, or defending any legal action or proceeding in which the person is not a party concerned. *Cleveland Bar Assn. v. Boyd,* 112 Ohio St.3d 331, 2006-Ohio-6590, 859 N.E.2d 930.

{¶ 16} Appellant was never a named party in the instant action and filed pleadings on behalf of the Monroe Mills Trust, allegedly in a pro se capacity. However, in so doing, appellant represented the interests of the trust, not his own interests as a party. The trust is a separate legal entity and party from appellant, and therefore, appellant was not engaging in pro se representation, but rather was engaging in the unauthorized practice of law. See *Mahoning Cty. Bar Assn. v. Alexander* (1997), 79 Ohio St.3d 1220, 681 N.E.2d 934. As we previously stated, a trustee of a trust who is not a licensed and registered attorney at law, may not file pleadings, argue, or otherwise represent the trust as

its counsel in a court. *Scott v. H.T.M. Trust,* 3d Dist. No. 12–90–4, 1991 WL 82878.

{¶ 17} As appellant is not a named defendant in this action and is not acting in a pro se capacity, but rather has engaged in the unauthorized practice of law by representing the Monroe Mills Trust, the trial court was within its discretion in disqualifying appellant as a representative of the Monroe Mills Trust. Moreover, appellant is continuing to engage in the unauthorized practice of law by filing an appeal on his own behalf and as "Trustee for the Monroe Mills Trust." We cannot condone such conduct and therefore dismiss his appeal.

{¶ 18} Defendant-appellees additionally move this court to consider imposing sanctions against appellant for frivolous conduct pursuant to App.R. 23. App.R. 23 states, "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

{¶ 19} In *Burdge v. Supervalu Holdings, Inc.,* 1st Dist. No. C–060194, 2007-Ohio-1318, 2007 WL 865483, ¶ 22, the First District Court of Appeals recently noted the following:

{¶ 20} "App.R. 23 provides a court of appeals with authority to order an appellant or his attorney to pay the reasonable expenses of the appellee, including attorney fees and costs, where the court determines that the appeal is frivolous. An appeal is deemed frivolous * * * when it does not present a reasonable question for review."

{¶ 21} Appellant argues that no trial court could ever find that he has engaged in the unauthorized practice of law, as only the Ohio Supreme Court has jurisdiction to so determine pursuant to R.C. 4705.07(B)(2). Appellant cites no case law in support of this contention, and we have already stated in this opinion that the case law in Ohio is established that a trustee or officer of a company cannot represent that company in legal proceedings unless they are a licensed attorney in the state of Ohio. Accordingly, we find that this appeal presents a reasonable question for review. Accordingly, defendant-appellees' motion for sanctions is overruled.

Appeal dismissed.

HOFFMAN, P.J., and WISE, J., concur.