[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Ross,* Slip Opinion No. 2018-Ohio-4247.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4247

OHIO STATE BAR ASSOCIATION *v.* ROSS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Ross,* Slip Opinion No. 2018-Ohio-4247.]

*Unauthorized practice of law—Drafting, signing, and litigating civil actions for eviction and related claims—Consent decree approved—Civil penalty imposed.*

(No. 2018-0782—Submitted June 26, 2018—Decided October 23, 2018.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 17-04.

_____

**Per Curiam.**

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended that we approve a consent decree proposed by relator, Ohio State Bar Association ("OSBA"), and respondent, John Ross. The parties have waived notice and hearing pursuant to Gov.Bar R. VII(5b)(B)(1) and

VII(7)(H).  We accept the board's recommendation and approve the proposed consent decree that was submitted by the parties as follows:[1]

### I.  Agreed Facts

1.   OSBA is a Bar Association whose members include attorneys-at-law admitted to the practice of law in Ohio and who practice throughout the State of Ohio.   OSBA, through its Unauthorized Practice of Law Committee is authorized by Gov.Bar R. VII to file a Complaint with the Board regarding the unauthorized practice of law.

2.   Respondent is an individual residing and transact[ing] business in the State of Ohio.   At all relevant times hereto, Respondent has been engaged in business as a landlord of residential real estate in and around Columbus, Ohio.

3.   Respondent is not, nor has he ever been, an attorney admitted to practice, granted active status, or certified to practice law in the State of Ohio pursuant to Rules I, II, III, IV, VI, IX, or XI of the Rules [for] the Government of the Bar of Ohio.

4.  At all relevant times hereto, Respondent drafted, signed, and litigated in a representational capacity civil actions for eviction and related claims for monetary damages against tenants and/or former tenants residing in property owned by third-parties including trusts, limited liability companies, and individuals.

5. As shown in Exhibit A attached to Relator's Complaint, from January 1, 2013, to the present, Respondent signed and filed

---

1.  Any motion(s) and/or notice(s) filed by Ross requesting a court to vacate and dismiss all nondormant money judgments must be filed through counsel.

171 complaints, each of which constitutes a separate occurrence of the unauthorized practice of law.

6. Upon learning of the alleged unauthorized practice of law by Respondent, OSBA sent him a letter notifying him of the allegation. Respondent has stopped engaging in the unauthorized practice of law in May of 2015.

## II. Applicable Law

7. R.C. 4705.01 provides: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned * * * unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules."

8. The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice law in Ohio. Gov.Bar R. VII(2)(A).

9. Non-attorneys cannot file complaints for forcible entry and detainer and recovery of unpaid rent or other money damages on behalf of a property owner. *Cleveland Bar Assn. v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187.

10. Non-attorneys, including trustees, cannot engage in legal representation of trusts or other separate, legal entities. *Cleveland Bar Assn. v. Woodman*, 98 Ohio St.3d 436, 2003-Ohio-1634, 786 N.E.2d 865; *Williams v. Global Constr. Co. [Ltd.]*, 26 Ohio App.3d 119, 498 N.E.2d 500 (10th Dist.1985); *Bank of New York v. Miller*, 185 Ohio App.3d 163, 2009-Ohio-6117, 923 N.E.2d 651 (5th Dist.); and *Scott v. H.T.M. Trust*, 3d Dist. Putnam No. 12-

90-04, 1991 Ohio App. LEXIS 2246, 1991 WL 82878 (May 9, 1991).

11. Similarly, limited liability companies exist as separate legal entities, R.C. 1705.01(D)(2)(e), and may be represented in court only by a licensed attorney. *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169.

**III. Joint Recommendation**

12. OSBA and Respondent[] hereby agree that the conduct described in paragraphs four and five herein—specifically, drafting and signing complaints for forcible entry and detainer and money damages on behalf of a property owner and representing that property owner in related legal proceedings—constitutes the unauthorized practice of law. *Cleveland Bar Assn. v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187; *Batt v. Nairebout*, 6th Dist. Lucas No. L-03-1001, 2003-Ohio-3421. *See also Ohio State Bar Assn. v. Miller*, 138 Ohio St.3d 203, 2014-Ohio-515, 5 N.E.3d 619 (non-attorney drafting pleadings, contracts, and other legal documents and litigating cases on behalf of a third-party).

13. Respondent John Ross has ceased the conduct described in paragraphs four and five herein and he shall not engage in such conduct in the future, and [agrees] that he is hereby permanently enjoined from engaging in such conduct in the future and from otherwise engaging in the unauthorized practice of law in the State of Ohio.

14. Regarding any monetary claims by Mr. Ross in the actions identified in Exhibit A attached to the Complaint, the parties hereby agree as follows: (1) Mr. Ross is permanently enjoined from

collecting any money judgments in those actions; and (2) within sixty (60) days of the entry of final judgment in this matter, Mr. Ross will file the necessary motion(s) and/or notice(s) to vacate and dismiss all non-dormant money judgment[s] obtained in any of the actions identified in Exhibit A attached to the Complaint.

15. The parties agree that Mr. Ross will pay a civil penalty of $2,500.00 within thirty days of the entry of final judgment in this matter.

16. The factors of Gov.Bar R. VII(8)(B) apply as follows:

*(1) The degree of cooperation provided by the respondent in the investigation:* Respondent has cooperated fully in both the pre-filing and post-filing investigation of this matter. Respondent promptly ceased all conduct that allegedly constituted the unauthorized practice of law upon receiving notice from OSBA in early 2015.

*(2) The number of occasions that unauthorized practice of law was committed:* from January 1, 2013, through the present, Respondent committed at least 171 violations.

*(3) The flagrancy of the violation:* Respondent had significant beneficial or legal interests in the trusts and almost all of the limited liability companies. With respect to the remainder of the properties, Respondent, in his capacity as a realtor, acted as a property manager with respect to the remainder of the properties. Respondent believed that he was acting within his legal rights when filing these evictions. Respondent and his family members are the trustees of most of the trusts involved in this action. Respondent did not charge a fee in connection with his violations. Respondent did

not advertise, offer to the public, or otherwise hold himself out as an attorney.

*(4) Harm to third parties arising from the offense:* there was no known harm to the entities that owned the real estate in question. Respondent owns and manages those companies. Most of the defendant-tenants in those cases were evicted. However, several of the money claims in those cases were dismissed for failure to prosecute, upon agreement of the parties, or by the Respondent. In cases where a money judgment was obtained, Respondent has not collected on any judgments. Respondent will not take further action to collect on any such judgment.

*(5) Any other relevant factors:* none.

17. The parties accordingly agree that a civil penalty of $2,500 should be imposed and, because no costs have been incurred by either party, costs should not be assessed on either party.

(Boldface deleted and italics sic.)

So ordered.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

Mac Murray & Shuster, L.L.P., and Patrick W. Skilliter; and Jean Desiree Blankenship, Bar Counsel, for relator.

Thomas J. Novack, for respondent.

————————————