[Cite as *Williams v. LCNB Natl. Bank*, 2021-Ohio-975.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TRAVIS LANIER WILLIAMS REVOCABLE TRUST | : | |
| | : | |
| | : | Appellate Case No. 28934 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2020-CV-2790 |
| v. | : | |
| | : | (Civil Appeal from |
| LCNB NATIONAL BANK | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of March, 2021.

. . . . . . . . . . .

TRAVIS LANIER WILLIAMS, 1955 Kipling Drive, Dayton, Ohio 45406
        Plaintiff-Appellant, Pro Se

SARAH E. SESSLER, Atty. Reg. No. 0095978, 255 East Fifth Street, Suite 1900, Cincinnati, Ohio 45202
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Travis Lanier Williams appeals pro se from the trial court's dismissal of his complaint against appellee LCNB National Bank. Williams brings the appeal as the "Private Attorney General" and trustee of the Travis Lanier Williams Revocable Living Trust.

{¶ 2} Although Williams' complaint is difficult to follow, his claim against LCNB Bank appears to involve its act of dishonoring his presentment of a self-created "Bill of Exchange." Under that document, he sought more than $14 trillion from the United States Treasury on behalf of the Travis Williams Revocable Living Trust. Williams also appears to have sought $100 billion under a self-created "Indemnity Bond." The trial court dismissed the complaint pursuant to Civ.R. 12(B)(6). The trial court agreed with LCNB Bank's contention that Williams' complaint did not state a claim. The trial court did not address the bank's alternative argument that the complaint was subject to dismissal because Williams, in his capacity as a non-attorney trustee of a trust, could not represent the trust in court. In its September 8, 2020 decision, the trial court found no support for Williams' "legal theory that presenting a handwritten document to his bank titled 'International Bill of Exchange' somehow entitles him to a judgment of over 14 trillion dollars." The trial court correctly observed that Williams' allegations were "based on unsupported legal conclusions that have been routinely rejected by courts."

{¶ 3} On appeal, Williams repeats his claim that LCNB Bank improperly refused to honor his Bill of Exchange seeking $14,294,000,000,000 from the United States Treasury. Having reviewed Williams' complaint and his appellate brief, we agree with LCNB Bank that the Bill of Exchange and the Indemnity Bond have no legal efficacy. Neither document

is a valid instrument entitling Williams to anything. We see no error in the trial court's determination that Williams' complaint failed to state a claim under Civ.R. 12(B)(6).

{¶ 4} Perhaps more importantly, Williams' notice of appeal is ineffective to institute an appeal in this matter. Williams is not a licensed attorney, and he may not represent the interests of the Travis Lanier Williams Revocable Living Trust by filing documents in court, including a notice of appeal. *See Ohio State Bar Assn. v. Ross*, 154 Ohio St. 3d 328, 2018-Ohio-4247, 114 N.E.3d 179, ¶ 1 (approving a consent decree recognizing that "[n]on-attorneys, including trustees, cannot engage in legal representation of trusts"); *Bank of New York v. Miller*, 185 Ohio App.3d 163, 2009-Ohio-6117, 923 N.E.2d 651, ¶ 10 (5th Dist.) ("A trustee of a trust, who is not a licensed and registered attorney at law, may not file pleadings, argue, or otherwise represent the trust as its counsel in a court."). Any filing by a non-attorney on behalf of another person or entity is a nullity. *Cannabis for Cures, L.L.C. v. State Bd. Of Pharmacy,* 2d Dist. Clark No. 2018-CA-12, 2018-Ohio-3193, ¶ 10, quoting *State v. Handcock*, 2d Dist. Clark No. 2016-CA-3, 2016-Ohio-7096, ¶ 11.

{¶ 5} Based on the foregoing authority, we conclude that Williams' notice of appeal was a nullity and was ineffective to institute the present appeal. Accordingly, the appeal is dismissed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Travis Lanier Williams
Sarah E. Sessler
Hon. Mary E. Montgomery