[Cite as *Tax Ease Ohio II, L.L.C. v. Cramer*, 2023-Ohio-4067.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TAX EASE OHIO II, LLC,  :

    Plaintiff-Appellee,  :

                              No. 112559

    v.  :

MARILYN ABRIENNE CRAMER,
TRUSTEE, ET AL.,  :

    Defendants-Appellants.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 8, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-928084

---

### *Appearances:*

Weltman, Weinberg & Reis, Co., L.P.A., and Roy J. Schechter, *for appellee.*

Marilyn A. Cramer, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Marilyn Abrienne Cramer, Trustee, appeals from the trial court's March 2, 2023 final order in this tax foreclosure case. Cramer is pro se. For the reasons set forth below, this appeal is dismissed.

{¶ 2} Plaintiff-appellee, Tax Ease Ohio II, L.L.C. ("Tax Ease"), initiated this case against "Marilyn Abrienne Cramer, Trustee of the Second Amended and Restated Declaration of Trust of the Marilyn Abrienne Cramer Revocable Trust dated November 15, 2006," and other interested parties. *See* complaint, p. 1. Tax Ease sought to foreclose on a Cleveland Heights property owned by the Trust, based on tax certificates it owned relative to the property. The trial court granted a decree of foreclosure in its March 2, 2023 judgment. Cramer, Trustee, has filed this appeal pro se challenging the trial court's decree of foreclosure.

{¶ 3} "A trustee of a trust, who is not a licensed and registered attorney at law, may not file pleadings, argue or otherwise represent the trust as its counsel in a court." *Bank of New York v. Miller*, 185 Ohio App.3d 163, 2009-Ohio-6117, 923 N.E.2d 651, ¶ 10 (5th Dist.), citing *Scott v. H.T.M. Trust*, 3d Dist. Putnam No. 12-90-4, 1991 Ohio App. LEXIS 2246 (May 9, 1991), citing *Williams v. Global Constr. Co., Ltd.*, 26 Ohio App.3d 119, 498 N.E.2d 500 (10th Dist.1985), syllabus; R.C. 4705.01; *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 549 N.E.2d 1202 (6th Dist.1988) (disallowing officer of corporation from representing corporation in legal proceedings in a pro se capacity where officer is not an attorney at law).

{¶ 4} The Cuyahoga County Board of Revision has also held that a nonattorney trustee may not file on behalf of a trust, because the trust and trustee are separate legal entities. *See Chandras v. Cuyahoga County Bd. of Revision*, BTA No. 2006-A-1265, 2007 Ohio Tax LEXIS 728 (May 18, 2007), citing *Tubalcain Trust v. Cornerstone Constr., Inc.*, 10th Dist. Franklin No. 93APE12-1701, 1994 Ohio App.

LEXIS 2307 (May 26, 1994); *Scott v. H.T.M. Trust*; *Jones, Trustee v. Geauga Cty. Bd. of Revision*, BTA No. 2003-K-1277, 2004 Ohio Tax LEXIS 221 (Feb. 6, 2004); *The Dorcas W. Burns Trust v. Ashtabula Cty. Bd. of Revision*, BTA No. 1997-K-710, 1997 Ohio Tax LEXIS 1189 (Sept. 12, 1997); *Mahoning Cty. Bar Assn. v. Alexander*, 79 Ohio St.3d 1220, 681 N.E.2d 934 (1997).

{¶ 5} Marilyn Cramer was a licensed Ohio attorney, but she was suspended indefinitely in 2020. *See Disciplinary Counsel v. Cramer*, 160 Ohio St.3d 430, 2020-Ohio-4195, 157 N.E.3d 756, ¶ 3, 62. "When a non-attorney files a notice of appeal and attempts to prosecute the appeal in court as counsel on behalf of another, such constitutes the unauthorized practice of law for which the pleadings filed should be stricken and the proceeding thus attempted dismissed." *Bank of New York v. Miller* at ¶ 13.

{¶ 6} The Ohio Supreme Court has defined the unauthorized practice of law to include both the "[h]olding out to the public or otherwise representing oneself as authorized to practice law in Ohio" and the "rendering of legal services for another" by any person who is not authorized to practice law under the court's rules. Gov.Bar R. VII(2)(A)(1) and (4). The practice of law "embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts." *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650 (1934), paragraph one of the syllabus; *see also Cincinnati Bar Assn. v. Estep*, 74 Ohio St.3d 172, 173, 657 N.E.2d 499 (1995). It also "encompasses giving legal advice

and counsel." *Cincinnati Bar Assn. v. Telford*, 85 Ohio St.3d 111, 112, 707 N.E.2d 462 (1999), citing *Cleveland Bar Assn. v. Misch*, 82 Ohio St.3d 256, 259, 695 N.E.2d 244 (1998).

{¶ 7} Because Cramer, a nonattorney, has filed this appeal attempting to represent the interests of a trust, she is engaging in the unauthorized practice of law, and we must dismiss this case.

{¶ 8} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR