OPINION *Page 2 
{¶ 1} On April 21, 2005, Ohio Savings Bank filed a foreclosure and reformation of mortgage action against appellees, Abrahum and Tammy Kinney. The complaint also named appellant, Woodland Capital Corporation, as a defendant based upon the second mortgage it held on the property. Appellees and appellant filed cross-claims against each other. A trial date was set for August 15, 2006.
 {¶ 2} On August 7, 2007, eight days prior to the scheduled trial date, appellant's counsel filed a motion to withdraw for non-payment of legal services rendered. By judgment entry filed same date, the trial court granted the motion. Thereafter, appellant, via its president and sole shareholder, James Hornig, filed a motion to continue the trial date and made an oral motion on the morning of trial to continue the trial, but the trial court denied the requests. Mr. Hornig, was not permitted to represent appellant, and appellant was not permitted to proceed pro se.
 {¶ 3} A bench trial commenced on August 15, 2006 on appellees' cross-claim without appellant being present. By judgment entry filed June 29, 2007, the trial court approved and adopted appellees' findings of fact and conclusions of law and found in favor of appellees as against appellant in the amount of $642,010.00. On same date, an agreed judgment entry was filed settling the claims and counterclaims between Ohio Savings Bank and appellees.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 5} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY PERMITTING APPELLANT'S FORMER COUNSEL TO WITHDRAW AS THE ATTORNEYS OF RECORD ON AUGUST 7, 2007, THE VERY SAME DAY THAT THIS MOTION WAS FILED WITH THE TRIAL COURT AND EIGHT DAYS PRIOR TO A COMPLICATED TRIAL. THE TRIAL COURT FURTHER COMMITTED PREJUDICIAL ERROR BY GRANTING THE MOTION TO WITHDRAW THE SAME DAY THAT IT WAS FILED WHEN THE PROOF OF SERVICE ATTACHED TO SAID MOTION DID NOT CONTAIN ANY PROOF OF SERVICE THAT SAID MOTION HAD BEEN SERVED UPON APPELLANT. THE TRIAL COURT FURTHER COMMITTED PREJUDICIAL ERROR BY GRANTING THE MOTION TO WITHDRAW BASED UPON THE REPRESENTATION THAT APPELLANT'S PRESIDENT, JAMES HORNIG, COULD REPRESENT APPELLANT'S INTERESTS ADEQUATELY WHEN THE TRIAL COURT SUBSEQUENTLY REFUSED TO ALLOW JAMES HORNIG TO REPRESENT APPELLANT OR TO EVEN ADDRESS THE COURT IN ANY MANNER."
 II {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION TO CONTINUE WHEN APPELLANT WAS UNABLE TO SECURE SUBSTITUTE COUNSEL TO REPRESENT IT ON AUGUST 15, 2007 WHEN PRIOR COUNSEL HAD FILED A MOTION TO WITHDRAW ON AUGUST 7, 2007 AND HAD THE SAME MOTION GRANTED THE VERY SAME DAY THAT IT WAS FILED. THE TRIAL COURT FURTHER COMMITTED PREJUDICIAL ERROR BY FORCING *Page 4 
APPELLANT TO PROCEED TO TRIAL ON AUGUST 7, 2007 WITHOUT COUNSEL AND WITHOUT ANY OPPORTUNITY TO DEFEND ITSELF AT TRIAL."
 III {¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DISMISSING APPELLANT'S CROSS CLAIM WHEN A VOLUNTARY NOTICE OF DISMISSAL WAS FILED PURSUANT TO CIV.R. 41 PRIOR TO COMMENCEMENT OF TRIAL ON APPELLANT'S CROSS CLAIM."
 IV {¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING A JURY WAIVER FROM JAMES HORNIG, A PERSON THAT THE TRIAL COURT HELD COULD NOT REPRESENT WOODLAND AS EITHER COUNSEL OR PRO SE AS ITS PRESIDENT."
 V {¶ 9} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY APPLYING THE OHIO CONSUMER SALES' PRACTICES ACT TO THIS CASE."
 {¶ 10} We will address Assignments of Error I and IV as we find them to be dispositive of the issues raised on appeal.
 I {¶ 11} Appellant claims the trial court erred in permitting its former counsel to withdraw eight days prior to trial. For the following reasons, we agree.
 {¶ 12} Appellant's former counsel filed a motion to withdraw on August 7, 2006 at 11:16 a.m. The trial court granted the motion on the same day at 3:47 p.m. *Page 5 
 {¶ 13} Loc. R. 10(A) and (C) of the Court of Common Pleas of Coshocton County state the following:
 {¶ 14} "(A) RULE DAY. Except as otherwise ordered by the Court,sua sponte or upon granting of a motion of counsel, all motions filed with the Court shall be considered as ripe for ruling upon on the third Monday after their filing unless such Monday is a legal holiday in which case motions will be considered as submitted for determination on the first day succeeding such Monday that is not a legal holiday.
 {¶ 15} "(C) RESPONSE TO MOTION. Any memorandum contra to said motion shall be served upon movant's trial attorney within fourteen days from the date the memorandum in support of the motion and proof of service thereof, was served. Failure to serve and file a memorandum contra may be cause for the Court to grant the motion as served and filed. A reply memorandum may be served and filed no later than three days prior to Rule Day as defined in subsection (A) above. The time periods set forth in this paragraph C may be modified by the Court, for good cause shown, upon application therefore."
 {¶ 16} The record is devoid of any specific order by the trial court advancing the motion sua sponte as indicated in Loc. R. 10(A).
 {¶ 17} We acknowledge the need for expedience by the trial court in resolving the issue within eight days of trial. However, under the mandates of the local rule cited supra, the record must demonstrate that an advancing order and/or notice was given to the parties. Within the trial court's August 7, 2006 judgment entry granting appellant's counsel to withdraw is the following language: *Page 6 
 {¶ 18} "By conference telephone call, court has alerted all counsel that the proposal to have the Woodland represented by a non-attorney corporate officer will not be acceptable to the court. This is based on Revised Code Section 4705.01 and the Ohio Supreme Court cases ofUnion Savings Association v. Homeowners Aid, Inc. (Ohio 1970),23 Ohio St.2nd 60, 262 N.E.2nd 558, and Palmer v. Westmeyer (Ohio 1988),48 Ohio App.3d 296, 549 N.E.2nd 1202. Withdrawing counsel has assured the court that they have made this clear to their client Woodland.
 {¶ 19} "Withdrawing counsel have also assured the court that they have not promised anyone from Woodland that a continuance of a trial date set for 9:00 A.M. on August 15, 2006 would be granted. Trial remains scheduled for that date."
 {¶ 20} We find this is insufficient to establish that appellant was notified or that appellant participated. In addition, the notice of service of the motion to withdraw does not establish that appellant was ever served by its own attorney. The affidavit of appellant's former counsel, Robert Gorman, states the following in pertinent part:
 {¶ 21} "5. Woodland has also been advised of the filing of this motion and has indicated it will not oppose it. Mr. Hornig has a law degree, was a practicing attorney for ten years, and is confident he can represent Woodland's interests adequately.
 {¶ 22} "6. Mr. Hornig is aware of the impending August 15, 2006, trial date."
 {¶ 23} It is conceivable that the trial court considered this affirmation to constitute a waiver of Loc. R. 10(A). However, we find without further notice, such was not sufficient to satisfy the local rule or the notice requirements.
 {¶ 24} Assignment of Error I is granted. *Page 7 
 IV {¶ 25} Appellant claims the trial court erred in accepting a unilateral withdrawal of a jury demand. We agree.
 {¶ 26} Civ. R. 38 governs jury trial of right. Subsection (D) entitled "Waiver" states the following:
 {¶ 27} "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."
 {¶ 28} In the trial court's Finding of Fact No. 16 filed June 29, 2007, the trial court found, "Woodland filed no trial brief but Mr. Hornig executed on its behalf a waiver of jury trial which the Kinneys approved and filed with the Court."
 {¶ 29} Within the docket filed on August 9, 2006 is a waiver of jury demand by appellees with service to appellant which states, "Pursuant to the August 7, 2004 conference call between the remaining parties, Abrahum and Tammy Kinney hereby waive trial by jury and consent to trial to the bench beginning at 9:00 on Tuesday, August 15, 2006."
 {¶ 30} Contra to the finding of fact by the trial court, there is no docketed waiver by Mr. Hornig. Also, as noted by the trial court's August 7, 2006 judgment entry permitting appellant's counsel to withdraw, Mr. Hornig was not allowed to represent appellant as discussed in Assignment of Error I. This was reiterated by the trial court at the commencement of the trial: *Page 8 
 {¶ 31} "MR. HORNIG: Your Honor, I am asking that my role be clarified. Can I say anything? Can I ask any questions? Can I make any statements to the court? Can I subsequently file any briefs if counsel is obtained on the legal issues that are raised here, or should I just remain here moot or mute, whichever it is.
 {¶ 32} "THE COURT: I think that would be mute.
 {¶ 33} "MR. HORNIG: I'm looking for clarification.
 {¶ 34} "THE COURT: I think the clarification doesn't necessarily come from this court, Mr. Hornig. I think clarification comes from the Ohio Revised Code and the Ohio Supreme Court, which has indicated that corporate officers may not represent as counsel the corporate entity. And my understanding is that you are a corporate officer, perhaps even the sole shareholder. I also understand that you are not appearing as counsel, that you apparently do not — are not authorized to practice law, at least in the State of Ohio, or perhaps anywhere. And for that reason I think that you are prohibited from cross-examining witnesses, making an opening statement, making a closing statement, or testifying on behalf of yourself or Woodland. If that renders you unable to speak, then I guess that's the bottom line of that ruling. You cannot function as an attorney in this case and Woodland cannot try the case on a pro se basis because Woodland is only an artificial being. Again, Mr. Smith, do you have evidence you wish to present?" T. at 15-16.
 {¶ 35} As a result of the trial court's instructions, Mr. Hornig left the courtroom. T. at 16-17.
 {¶ 36} Upon review, we find the waiver of jury demand constituted a unilateral withdrawal by appellees and was prohibited under Civ. R. 38(D). *Page 9 
 {¶ 37} Assignment of Error IV is granted.
 {¶ 38} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby reversed and remanded.
 Farmer, J. Hoffman, P.J. and Gwin, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1