[Cite as *Shingler v. Lafayette Point Nursing & Rehab. Ctr.*, 2014-Ohio-5026.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| CINDY SHINGLER | : | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014CA0006 |
| LAFAYETTE POINT NURSING AND | : |  |
| REHABILITATION CENTER, | : |  |
| ET AL | : | O P I N I O N |
|  |  |  |
| Defendants-Appellants |  |  |


CHARACTER OF PROCEEDING:     Civil appeal from the Coshocton County
                             Court of Common Pleas, Case No. 2013CI
                             0283


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      November 10, 2014

APPEARANCES:

For Plaintiff-Appellee            For Defendants-Appellants

PAUL FLOWERS                      ERIC HERSHBERGER
Terminal Tower, 35th Floor        7650 Rivers Edge Drive, Ste. 100
50 Public Square                  Columbus, OH 43235
Cleveland, OH  44113

KIMBERLY YOUNG
6105 Parkland Boulevard
Mayfield Heights, OH 44124

*Gwin, P.J.*

{¶1} Appellants appeals the February 24, 2014 judgment entry of the Coshocton County Court of Common Pleas granting appellee's motion to vacate the November 7, 2014 order of dismissal, accepting as filed appellee's amended complaint, and returning the case to the active docket.

### Facts & Procedural History

{¶2} On April 22, 2013, appellee Cindy Shingler filed a complaint in the Cuyahoga County Common Pleas Court against appellant Lafayette Point Nursing and Rehabilitation Center, appellant Provider Services Holdings, LLC ("Provider Services"), and Michael Provenza ("Provenza") for wrongful termination. On July 8, 2013, the trial court judge in Cuyahoga County granted appellants' motion to transfer venue to the Coshocton County Court of Common Pleas. Appellants' motion to dismiss Provider Services and Provenza pursuant to Civil Rule 12(B)(6) remained pending at the time the case was transferred to Coshocton County. On September 13, 2013, the trial court denied appellants' motion to dismiss as to Provider Services. The trial court granted appellee until November 1, 2013 to amend the complaint to add factual allegations against Provenza or the case would be dismissed as to Provenza. The trial court further gave appellee until November 1, 2013 to file an amended complaint containing a copy of the agreement referenced in the complaint.

{¶3} Appellee dismissed Provenza from the action on September 23, 2013. On November 7, 2013, appellants filed a motion to dismiss for failure to amend. On the same day as appellants' motion was filed, the trial court dismissed the case with prejudice for failure to file the amended complaint. Appellee filed a motion for

reconsideration and leave to file an amended complaint instanter on November 14, 2013. Appellants filed a memorandum in opposition on November 22, 2013. Appellee filed an appeal of the November 7, 2013 judgment entry on December 9, 2013.

{¶4} The trial court issued a judgment entry on December 9, 2013, granting appellee's motion for reconsideration and leave to file an amended complaint. The trial court vacated the November 7, 2013 judgment entry and accepted appellee's complaint as filed. Subsequently, appellee dismissed her appeal.

{¶5} On February 14, 2014, appellee filed a motion to vacate the judgment entry of November 7, 2013 pursuant to Civil Rule 60(B). Attached to the motion was the affidavit of appellee's attorney stating that she inadvertently overlooked the final portion of the November 7th entry requiring the agreement be submitted with an amended pleading.

{¶6} The trial court issued a judgment entry on February 24, 2014, granting appellee's motion to vacate. The trial court found that the motion to vacate was filed within a reasonable time and alleged a potentially viable claim for relief. Further, that appellee's failure to comply with the September 13th order is attributable to excusable neglect and no undue prejudice would be suffered by any party if the motion were granted. The trial court thus vacated its November 7th order, accepted appellee's amended complaint as filed, and returned the case to the active docket.

{¶7} Appellant appeals the February 24, 2014 judgment entry of the Coshocton County Common Pleas Court and assigns the following as error:

{¶8} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING PLAINTIFF-APPELLEE'S FACTUALLY AND LEGALLY

UNSUPPORTED MOTION FOR RELIEF FROM JUDGMENT WITHOUT AFFORDING APPELLANTS THE OPPORTUNITY TO RESPOND TO THAT MOTION WITHIN THE TIME PERMITTED BY RULE (SEE, ENTRY OF FEBRUARY 24, 2014 GRANTING PLAINTIFF'S MOTION TO VACATE)."

{¶9} In their sole assignment of error, appellants include three arguments: (1) that the trial court erred in failing to provide them time to respond to the motion to vacate as provided by local rule; (2) that there is neither a legal or factual basis existing for granting the Civil Rule 60(B) motion and thus this Court should reverse the trial court's ruling and dismiss the case in its entirety; and (3) appellee's arguments in support of the Civil Rule 60(B) motion could have been raised in her first appeal.

{¶10} We will address the first argument advanced by appellants as we find it to be dispositive of this appeal. Appellants argue the trial court erred in granting the Civil Rule 60(B) motion for relief from judgment without affording them the opportunity to respond in accordance with the local rules. We agree.

{¶11} Local Rule 10.1 of the Court of Common Pleas of Coshocton County provides as follows:

> All motions should be accompanied with a memorandum in support stating the grounds and citing applicable authorities. The non-moving party shall serve any responsive pleading on or before the fourteenth day after the date of service. The moving party shall serve any reply on or before the seventh day after the date of service. On the twenty-eighth day after the motion is filed, the motion shall be deemed

submitted to the Court for ruling. Motions for summary judgment taken pursuant to Civil Rule 56 will be heard according to a schedule ordered by the Court. This rule shall also not apply to motions for default judgment, which may be ruled upon the same date the motion for default judgment is filed, at the discretion of the Court.

{¶12} Appellee filed her motion to vacate on February 14, 2014. By judgment entry filed February 24, 2014, the trial court granted the motion. Pursuant to Local Rule 10.1 of Court of Common Pleas of Coshocton County, appellants had fourteen (14) days to respond to appellee's motion. We find that less than fourteen (14) days had lapsed from the filing of the motion and therefore, per local rules, the decision of February 24, 2014 was premature and the trial court erred in ruling on the motion without affording appellants the opportunity to respond in accordance with the local rules. See *U.S. Bank Nat'l Assn. v. Abbruzzeese*, 5th Dist. Delaware No. 08CAE050021, 2010-Ohio-2565, *Ohio Savings Bank v. Abrahum*, 5th Dist. Coshocton No. 07CA0014, 2008-Ohio-3424.

{¶13} Accordingly, appellants' first assignment of error is granted with regards to the compliance with the local rules. The remaining arguments advanced by appellants in their brief are moot.

{¶14}  The February 24, 2014 judgment entry of the Coshocton County Court of Common Pleas is reversed and we remand the matter to the trial court for further proceedings in accordance with the law and this opinion.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur