[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 195.]

CLEVELAND BAR ASSOCIATION *v.* PICKLO.

[Cite as *Cleveland Bar Assn. v. Picklo*, 2002-Ohio-3995.]

*Unauthorized practice of law—Person not licensed to practice law in Ohio filed complaints in the Cleveland Municipal Court, Housing Division, for forcible entry and detainer, as well as for recovery of past due rents on behalf of a property owner—Engagement in the unauthorized practice of law enjoined.*

(No. 2001-2276—Submitted February 27, 2002—Decided August 21, 2002.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law, No. 01-04.

_____

PER CURIAM.

{¶1} Since 1999, respondent, Lynn Picklo, has been filing complaints in the Cleveland Municipal Court, Housing Division, for forcible entry and detainer, as well as for the recovery of past due rents. Respondent is not licensed to practice law in the state of Ohio, but she nevertheless filed these claims and appeared in court on behalf of the property owner.

{¶2} On July 2, 2001, relator, Cleveland Bar Association, filed a complaint alleging that respondent had engaged in the unauthorized practice of law. The Board of Commissioners on the Unauthorized Practice of Law considered the cause on the parties' Agreed Stipulations and Waiver of Notice and Hearing and found that respondent's filings and appearances constituted the practice of law by an unlicensed layperson and, therefore, were prohibited. See R.C. 4705.01 (No person may commence or conduct a court action on another's behalf unless admitted to the bar). The board accordingly recommended that respondent be enjoined from filing pleadings and appearing in court on behalf of others.

{¶3} As authority for her actions, respondent cites R.C. 1923.01(C)(2), which defines "landlord" for the purpose of invoking a county, municipal, or common pleas court's jurisdiction in most forcible entry and detainer actions as "the owner, lessor, or sublessor of premises [or] the agent or person the landlord authorizes to manage premises or to receive rent from a tenant under a rental agreement." She also cites R.C. 5321.01(B), which, with respect to landlord-tenant remedies in general, similarly defines "landlord" as "the owner, lessor, or sublessor of residential premises, the agent of the owner, lessor, or sublessor, or any person authorized by the owner, lessor, or sublessor to manage the premises or to receive rent from a tenant under a rental agreement." The board reviewed these statutes for conformity with this court's exclusive original jurisdiction under Section 2(B)(1)(g), Article IV, Ohio Constitution, and concluded that the definitions in R.C. 1923.01(C)(2) and 5321.01(B) represented unconstitutional invasions of our power to define the practice of law. We agree.

{¶4} "The principle of separation of powers is embedded in the constitutional framework of our state government. The Ohio Constitution applies the principle in defining the nature and scope of powers designated to the three branches of the government. *State v. Warner* (1990), 55 Ohio St.3d 31, 43-44, 564 N.E.2d 18, 31. See *State v. Harmon* (1877), 31 Ohio St. 250, 258, 1877 WL 19. It is inherent in our theory of government ' "that each of the three grand divisions of the government, must be protected from the encroachments of the others, so far that its integrity and independence may be preserved. * * * " ' *S. Euclid v. Jemison* (1986), 28 Ohio St.3d 157, 159, 28 OBR 250, 252, 503 N.E.2d 136, 138, quoting *Fairview v. Giffee* (1905), 73 Ohio St. 183, 187, 76 N.E. 865, 866." *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 463, 668 N.E.2d 457.

{¶5} Our authority to define the practice of law is inherent, *Judd v. City Trust & Sav. Bank* (1937), 133 Ohio St. 81, 10 O.O. 95, 12 N.E.2d 288, paragraph one of the syllabus, and the legislative branch has no right to limit the inherent

powers of the judicial branch of the government. *Hale v. State* (1896), 55 Ohio St. 210, 45 N.E. 199. Exercising this authority, we have said that the practice of law includes appearing in court on another's behalf and conducting another's case in court. *Land Title Abstract & Trust v. Dworke*n (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus. Thus, to the extent that R.C. 1923.01(C)(2) and 5321.01(B) purport to enlarge the class of persons who may legitimately engage in conduct defined as the practice of law, we must strike these statutes as unconstitutional.

**{¶6}** In reaching this result, we must also contend with the implications of our decision in *George Shima Buick v. Ferencak* (2001), 91 Ohio St.3d 1211, 741 N.E.2d 138, wherein we sua sponte dismissed an appeal and certified conflict raising another separation-of-powers issue because we lacked jurisdiction. There*,* the defendant challenged the constitutionality of a statute allowing certain lay employees to represent their corporate employers in small claims court. But because no one had served the Ohio Attorney General with notice of the constitutional attack, we found a jurisdictional defect, based on *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066. Today we find that we applied *Cicco* too zealously in dismissing *Ferencak*.

**{¶7}** *Cicco* recognizes that R.C. 2721.12 imposes a notice requirement on parties contesting the constitutionality of a statute in a declaratory judgment action filed pursuant to R.C. Chapter 2721. That statute requires that the Attorney General be notified in every such action by service of the pleading in accordance with Civ.R. 4.1. Neither *Ferencak* nor this case is a declaratory judgment action filed pursuant to R.C. Chapter 2721. *Ferencak* began as a small claims action to recover damages stemming from a customer's decision to stop payment on a check for automobile repairs. And this case is an action to enforce our constitutional responsibility to oversee the practice of law in this state. *Cicco*, therefore, does not require service

on the Attorney General as a prerequisite to invoking our jurisdiction. For this reason, *Ferencak* is overruled.

{¶8} Accordingly, we adopt the findings, conclusion, and recommendation of the board. Respondent is hereby enjoined from any further filings and appearances in court that constitute the unauthorized practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶9} I do not agree that the prosecution of a forcible entry and detainer case by a landlord's agent constitutes the unauthorized practice of law. In addition, I would not overturn a state statute without giving notice to the Attorney General in accordance with *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066, and *George Shima Buick, Inc. v. Ferencak* (2001), 91 Ohio St.3d 1211, 741 N.E.2d 138.

{¶10} In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, this court defined the practice of law as follows:

{¶11} "The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law." Id. at paragraph one of the syllabus.

**{¶12}** The actions so defined require specialization, particularized training, and knowledge. Consequently, we have enjoined the unauthorized practice of law when laypersons encroach upon those areas. However, there are certain procedures recognized by the General Assembly that laypersons may lawfully conduct within the judicial system. A board or corporate officer may file a complaint challenging the tax valuation or assessment of the corporation's real property. R.C. 5715.19. A corporate officer may file and present a claim on behalf of a corporation in small claims court. R.C. 1925.17. A landlord may bring an action for forcible entry and detainer. R.C. Chapter 1923; *Miele v. Ribovich* (2000), 90 Ohio St.3d 439, 739 N.E.2d 333. A "landlord" is being defined to include "the owner, lessor, or sublessor of premises, [or] the agent or person the landlord authorizes to manage premises." R.C. 1923.01.

**{¶13}** Here, respondent was the recognized agent of the landlord authorized to bring a forcible entry and detainer action. At no time did respondent hold herself out as an attorney. She completed a preprinted complaint form. The form required her to fill in the blanks with the name and address of the plaintiff and defendant, the current date, address of the property in question and the amount of the rent past due. I do not believe that such activity constitutes the preparation of pleadings, the managing of litigation, the preparation of a legal instrument or the giving of legal advice. It is a routine, almost rote, procedural mechanism to enforce a statutory remedy for restitution and nonpayment of rent. It requires no legal analysis and no special legal knowledge but merely an ability to read a form and complete the blanks with facts.

**{¶14}** The ability of laypersons to file and prosecute forcible entry and detainer cases is not unique to Ohio. Other states likewise authorize nonattorneys, including landlords, the agents of landlords, and lessors to file these actions. Tex. Prop.Code Ann. 24.011; Mo. Rev. Stat. 534.070.

**{¶15}** I also object to the majority's limitation upon the constraints of *Cicco v. Stockmaster*, 89 Ohio St.3d 95, 728 N.E.2d 1066, in a constitutional challenge of a statute. For the reasons set forth in my concurring opinion in *George Shima Buick v. Ferencak*, 91 Ohio St.3d at 1212, 741 N.E.2d 138, I do not believe that *Cicco* should be limited to formal declaratory judgment actions. No matter what the circumstances, whenever the constitutionality of a state statute is challenged, I believe the court is being asked to enter a declaratory judgment. A majority of this court is now, in a case involving the alleged unauthorized practice of law, declaring unconstitutional portions of two statutes that affect all landlords in Ohio without giving proper notice or an opportunity for interested persons to be heard. Our state statutes are entitled to a strong presumption of constitutionality. *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200. Despite this principle, and without any debate, this court has struck down the statutes at issue.

**{¶16}** I believe that today's opinion will result in needless additional expense and burden upon landlords and others enumerated in R.C. 1923.01(C)(2) and R.C. 5321.01(B). Landlords must now retain the services of an attorney in all forcible entry and detainer cases. I do not believe that it is necessary nor is it what the General Assembly intended. Instead I see the court continuing its trend toward monopolizing the legal business in areas where a layperson is qualified as well as statutorily authorized to proceed. I respectfully dissent.

————————————

Michael P. Harvey Co., L.P.A., and Michael P. Harvey; and Robert H. Gillespy, for relator.

Spiros E. Gonakis, for respondent.

————————————

6