DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Toledo Municipal Court in a forcible entry and detainer ("FED") action filed by appellant, Nick Batt, who was, but is no longer, an attorney licensed to practice law in Ohio. For the reasons stated herein, this court affirms the judgment of the trial court.
In the complaint, Batt alleged that he owned, managed or leased the subject property. When Batt did not present evidence of ownership of the subject property, the magistrate, pursuant to Cleveland Bar Assn. v.Picklo, 96 Ohio St.3d 195, 2002 Ohio 3995, at ¶ 3, recommended that Batt could not appear on behalf of the owner if he was the manager or lessor of the property. Batt filed objections to the magistrate's decision; the trial court denied his objections and adopted the magistrate's decision. On December 18, 2002, Batt advised the magistrate that he would not present evidence of ownership and would file an appeal. The magistrate recommended that the case be terminated as moot as judgment had been rendered for Batt in a subsequent FED action filed by counsel. The trial court adopted the magistrate's decision.
 {¶ 2} In his first assignment of error, citing R.C. 1923.01(C)(2), Batt argues that a person need not hold an interest of record in order to bring an eviction action. This court finds no merit in this assignment of error.
 {¶ 3} The Ohio Supreme Court specifically held that the prosecution of an FED action by a landlord's agent who was not a licensed attorney constituted the unauthorized practice of law. Picklo,96 Ohio St.3d 195, 2002 Ohio 3995, at ¶ 5. Batt declined to provide evidence of his ownership of the subject property and, therefore, absent such evidence, the trial court had no proof that Batt was not an agent.
 {¶ 4} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 5} In his second assignment of error, appellant argues that it was improper for the magistrate to decide that the action should be terminated as moot when judgment had been rendered for Batt in a subsequent FED action. It is not necessary for this court to address the merits of Batt's second assignment of error as the trial court could have dismissed Batt's FED action as it was not properly filed. See SharonVillage Ltd. v. Licking Cty. Bd. of Revision (1997), 78 Ohio St.3d 479. An appellate court shall affirm a trial court's judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial. Reynolds v.Budzik (1999), 134 Ohio App.3d 844, 846, fn. 3.
 {¶ 6} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 7} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith AnnLanzinger, J., CONCUR.