**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Cohen,* Slip Opinion No. 2018-Ohio-5084.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5084

OHIO STATE BAR ASSOCIATION *v.* COHEN

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Cohen,* Slip Opinion No. 2018-Ohio-5084.]

*Unauthorized practice of law—Drafting, signing, and litigating civil actions for eviction and related claims—Consent decree approved—No civil penalty imposed.*

(No. 2018-0703—Submitted June 13, 2018—Decided December 19, 2018.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 17-03.

_____

**Per Curiam.**

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended that we approve a consent decree proposed by relator, Ohio State Bar Association ("OSBA"), and respondent, Matthew Cohen.

We accept the board's recommendation and approve the proposed consent decree that was submitted by the parties as follows:

**I.    Agreed Facts**

1.    OSBA is a Bar Association whose members include attorneys-at-law admitted to the practice of law in Ohio and who practice throughout the State of Ohio.   OSBA, through its Unauthorized Practice of Law Committee, is authorized by Gov.Bar R. VII to file a Complaint with the Board regarding the unauthorized practice of law.

2.    Respondent is an individual residing and transact[ing] business in the State of Ohio.   At all relevant times hereto, Respondent has been engaged in business as a landlord of residential real estate in and around Columbus, Ohio.

3.    Respondent is not, nor has he ever been, an attorney admitted to practice, granted active status, or certified to practice law in the State of Ohio pursuant to Rules I, II, III, IV, VI, IX, or XI of the Rules [for] the Government of the Bar of Ohio.

4.    At all relevant times hereto, Respondent drafted, signed, and litigated in a representational capacity civil actions for eviction and related claims for monetary damages against tenants and/or former tenants residing in property owned by third-parties.

5.    As shown in Exhibit A attached to Relator's Complaint, from January 1, 2013, to the present, Respondent signed and filed 32 civil complaints, each of which constitutes a separate occurrence of the unauthorized practice of law.

6.    Respondent alleged claims for money damages, as well as forcible entry and detainer, in each of the 32 complaints identified in Exhibit A attached to Relator's Complaint.   However,

Respondent has advised the OSBA that he has not obtained judgments for money damages in any of those actions. Specifically, 28 of those money claims were involuntarily dismissed by the Court for failure to prosecute and 4 were either dismissed voluntarily by the Respondent or by the Court. Respondent has further advised that he has never revived a dormant judgment.

7. Upon learning of the alleged unauthorized practice of law by Respondent, OSBA sent him a letter notifying him of the allegation. Respondent has stopped engaging in the unauthorized practice of law after 2014.

8. Respondent agrees that he will not take further action in any of the cases identified in Exhibit A attached to Plaintiff's Complaint except through counsel.

**II.    Applicable Law**

9. R.C. 4705.01 provides: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned * * * unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules."

10. The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice law in Ohio. Gov.Bar R. VII(2)(A).

11. Non-attorneys cannot file complaints for forcible entry and detainer and recovery of unpaid rent or other money damages on behalf of a property owner. *Cleveland Bar [Assn.] v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187.

### III.  Joint Recommendation

12.  OSBA and Respondent[] hereby agree that the conduct described in paragraphs four and five herein—specifically, drafting and signing complaints for forcible entry and detainer and money damages on behalf of a property owner and representing that property owner in related legal proceedings—constitutes the unauthorized practice of law.  *Cleveland Bar [Assn.] v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187; *Batt v. Nairebout*, 6th Dist. Lucas No. L-03-1001, 2003-Ohio-3421.  *See also Ohio State Bar [Assn.] v. Miller*, 138 Ohio St.3d 203, 2014-Ohio-515, 5 N.E.3d 619 (non-attorney drafting pleadings, contracts, and other legal documents and litigating cases on behalf of a third-party).

13.  Respondent Matthew Cohen has ceased the conduct described in paragraphs four and five herein and he shall not engage in such conduct in the future, and [agrees] that he is hereby permanently enjoined from engaging in such conduct in the future and from otherwise engaging in the unauthorized practice of law in the State of Ohio.

14.  Respondent agrees that he will not take further action in any of the cases identified in Exhibit A attached to Plaintiff's Complaint except through counsel.

15.  The parties jointly recommend that no civil penalty be imposed against Respondent.  The factors of Gov.Bar R. VII(8)(B) apply as follows:

> *(1) The degree of cooperation provided by the respondent in the investigation:*  Respondent has cooperated fully in both the pre-filing and post-filing investigation of this

4

matter. Respondent promptly ceased all conduct that allegedly constituted the unauthorized practice of law upon receiving notice from OSBA in early 2015.

(2) *The number of occasions that unauthorized practice of law was committed:* from January 1, 2013, through the present, Respondent committed at least thirty-two violations.

(3) *The flagrancy of the violation:* the violations were unknowing or unwitting, and are far from the most severe, deliberate, ill-willed, or damaging conduct OSBA has seen. It is understood that Respondent owns and manages the limited liability companies that were the deeded owners of the real properties that were the subjects of the eviction actions at issue in this case.

(4) *Harm to third parties arising from the offense:* there was no known harm to the limited liability companies which owned the real estate in question. Respondent owns and manages those companies. Most of the defendant-tenants in those cases were evicted. However, several of the money claims in those cases were dismissed for failure to prosecute, upon agreement of the parties, or by the Respondent. In cases where a money judgment was obtained, Respondent has not collected on any judgments. Respondent will not take further action to collect on any such judgments.

(5) *Any other relevant factors:* none.

16. The parties accordingly agree that a civil penalty should not be imposed, and because no costs have been incurred by either

party, costs should not be assessed on either party.

(Italics sic.)

So ordered.

O'DONNELL, KENNEDY, FRENCH, and DEWINE, JJ., concur.

O'CONNOR, C.J., and FISCHER and DEGENARO, JJ., would remand the cause to the board to consider requiring respondent to obtain counsel for the purpose of vacating any existing monetary judgments in the cases identified in Exhibit A attached to Plaintiff's Complaint and any other similar cases.

_____

Mac Murray & Shuster, L.L.P., and Patrick W. Skilliter; and Jean Desiree Blankenship, Bar Counsel, for relator.

Ira B. Sully, for respondent.

_____