[Cite as *The Principle Group, L.L.C. v. Smith*, 2019-Ohio-3598.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THE PRINCIPLE GROUP, LLC, | : | APPEAL NO. C-180343 |
| | | TRIAL NO. 16CV-21295 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| STEPHANIE C. SMITH, | : | |
| Defendant/Third-Party | : | |
| Plaintiff-Appellee, | | |
| | : | |
| vs. | : | |
| | : | |
| SHERRY WHITLOCK, | | |
| | : | |
| Third-Party Defendant- | | |
| Appellant. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:   September 6, 2019

*David. D. Donnett* for Appellants,

*Nicholas DiNardo* for Appellee.

**WINKLER, Judge.**

{¶1} In this landlord-tenant dispute, a limited-liability company and its owner appeal the trial court's judgment entered in favor of a former tenant. For the reasons that follow, we determine that the trial court erred in holding the individual owner liable under the Fair Debt Collection Practices Act ("FDCPA") for filing an eviction action, and in holding the company liable for failure to return the tenant's security deposit, as well as assessing attorney's fees. We affirm the remainder of the judgment.

## Factual Background and Procedural Posture

{¶2} Sherry Whitlock and her husband are co-owners of The Principle Group, LLC, ("The Principle Group"), an entity they formed to own residential rental properties. Stephanie C. Smith entered into a lease agreement with The Principle Group in January 2012 to rent an apartment on Vera Avenue. Smith lived at the property for four years, seemingly without issue, until January 2016, when Smith reported to the Cincinnati Metropolitan Housing Authority ("CMHA") and the Cincinnati Health Department ("CHD") that she had a leak in the bathroom of her apartment, which had caused mold to form. Whitlock repaired Smith's property in April, and the next month, Whitlock claimed that she had not received Smith's May rent. Smith reassured Whitlock that she had already mailed rent in the form of money orders, and Smith paid to have the money orders traced. A week later, Whitlock filed an action against Smith for forcible entry and detainer and money damages.

{¶3} Smith represented herself during the eviction matter, and the magistrate ruled against her. Smith obtained counsel, who then filed objections.

Fearing the uncertainty of her living situation, Smith vacated the property. On objections, Smith's counsel argued that Whitlock had falsely represented that she owned the property, when, in fact, The Principle Group had title ownership of the property. Whitlock dismissed the eviction matter without prejudice.

{¶4} Subsequently, The Principle Group filed the instant action against Smith seeking unpaid rent and money damages. Smith filed a counterclaim, alleging that The Principle Group had wrongfully withheld her security deposit, and that The Principle Group breached the lease agreement when Whitlock prematurely filed an eviction action. Smith also filed a third-party complaint against Whitlock under the FDCPA, stemming from Whitlock's action in filing the initial eviction complaint in her own name, instead of in the name of The Principle Group. Smith also sought attorney's fees.

{¶5} The matter proceeded to a bench trial. The trial court found that Whitlock had lied when she claimed that she did not receive Smith's May rent, thus enabling Whitlock to file an eviction action against Smith in retaliation for Smith's complaints to CMHA and CHD regarding the mold. The trial court also determined that The Principle Group's allegations that Smith had damaged the rental premises were grossly exaggerated, and that any claimed damages beyond a couple of broken toilets were the result of normal wear and tear. The trial court determined that Smith owed The Principle Group $847 for unpaid rent for May 2016, because the money orders Smith had mailed were automatically cancelled once Smith had them traced. The trial court also found Smith owed $200 for the cost to repair broken toilets. The trial court also determined that Smith could recover $1,000 under a

3

contract theory of recovery for The Principle Group's premature eviction action, which caused Smith and her children to be homeless.

{¶6} The trial court determined that The Principle Group wrongfully withheld Smith's security deposit, so that Smith was entitled to damages in the amount of twice her security deposit. Finally, the trial court determined that Whitlock violated the FDCPA by falsely representing that she owned the Vera Avenue property. The trial court also awarded Smith attorney's fees. This appeal by The Principle Group and Whitlock ensued.

## FDCPA Claim Against Whitlock

{¶7} We first address the fifth assignment of error pertaining to the trial court's decision holding Whitlock liable under the FDCPA.

{¶8} The FDCPA is a federal statutory scheme meant to target third-party debt collectors. *Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, 72 N.E.3d 573, ¶ 11. The FDCPA was enacted to " 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' " *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 398 (6th Cir.1998), quoting 15 U.S.C. 1692(e).

{¶9} In order to establish a prima facie violation under the FDCPA, a plaintiff must prove the following:

'1. [T]he plaintiff is a natural person who is harmed by violations of the

FDCPA, or is a "consumer" within the meaning of 15 U.S.C.A. §§

4

1692a(3), 1692(d) for purposes of a cause of action, 15 U.S.C.A. § 1692c or 15 U.S.C.A. § 1692e(11);

2. [T]he "debt" arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C.A. § 1692a(5);

3. [T]he defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C.A. § 1692a(6); and

4. [T]he defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C.A. § 1692a–1692o; 15 U.S.C.A. § 1692a; 15 U.S.C.A. § 1692k.'

*Taylor* at ¶ 9, quoting *Whittiker v. Deutsche Bank Natl. Trust Co.*, 605 F.Supp.2d 914, 938-939 (N.D.Ohio 2009).

{¶10} The FDCPA defines "debt collector" in relevant part as "any person * * * who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). The term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor[.]" 15 U.S.C. 1692a(6)(A). A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed * * *." 15 U.S.C. 1692a(4).

{¶11} Smith alleges that Whitlock is a debt collector under the FDCPA, because she regularly collects debts for The Principle Group. Whitlock counters that she does not meet the definition of a debt collector because, as owner of The Principle Group, she essentially collects her own debts when she collects debts for The Principle Group.

{¶12} In *Jarzyna v. Home Properties, L.P.*, 114 F.Supp.3d 243 (E.D. Pa.2015), the court considered whether a former landlord was a creditor or a debt collector under the FDCPA. In *Jarzyna*, the tenant sued his former landlord for violations under the FDCPA after the landlord had retained a debt-collection company to pursue the tenant for alleged unpaid rental fees owed under a residential lease agreement. The tenant made several arguments in support of his allegation that the landlord acted as a debt collector; however, the court maintained that the landlord was a creditor and not a debt collector under the FDCPA. *Id.* at 253-54; *see Johnson v. Young*, S.D.Ohio No. 206-CV-818, 2007 WL 2177956, *3 (July 27, 2007) (landlord is a creditor under the FDCPA).

{¶13} Ohio law defines a "landlord" as "the owner, lessor, or sublessor of residential premises, the agent of the owner, lessor, or sublessor, or any person authorized by the owner, lessor, or sublessor to manage the premises or to receive rent from a tenant under a rental agreement." R.C. 5321.01(B). Whitlock signed the rental agreement as lessor, and her uncontradicted testimony at trial shows that she operates and manages the company, which includes collecting rent. Whitlock acted as Smith's landlord, and therefore qualifies as a creditor under the FDCPA. *See Jarzyna* at 253-254. Thus, Whitlock is not a debt collector under the FDCPA.

{¶14} Moreover, the evidence does not support the trial court's finding that Whitlock's conduct in filing the initial eviction lawsuit misled Smith. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. 1692e. "In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the least sophisticated consumer."

6

*Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006). In addition, courts have held that a statement must be materially false or misleading, meaning that "in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326-27 (6th Cir.2012).

{¶15} Smith argues that Whitlock violated the FDCPA when she falsely identified herself as the owner of the property in the initial eviction action.

{¶16} Whitlock and her husband are the sole members of their limited-liability company, The Principle Group, which has title ownership of the Vera Avenue property. Although Whitlock does not hold the title to the property, Whitlock testified that she and her husband personally hold the mortgage for the property. Smith had dealt with Whitlock as her landlord for the entire rental history. After Smith obtained counsel in the initial eviction action, Smith argued that The Principle Group owned the property and that Whitlock could not represent The Principle Group, a separate legal entity, in court, because Whitlock was not a lawyer. *See Cleveland Bar Assn. v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187. Whitlock dismissed the initial action without prejudice. Although Whitlock's conduct may have constituted unauthorized practice of law, given the four years of business dealings between Smith and Whitlock, we fail to see how Whitlock materially misled Smith in connection with the collection of debt.

{¶17} Therefore, Smith has not shown that Whitlock's conduct violated the FDCPA.

{¶18} We sustain the fifth assignment of error.

7

## Failure to Return Security Deposit

{¶19} We next address The Principle Group's third assignment of error, in which it argues that the trial court erred in determining that Smith was entitled to a return of her security deposit.

{¶20} R.C. 5321.16 governs the return of security deposits and provides in relevant part:

> (B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession.
>
> * * *
>
> (C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.

{¶21} The Ohio Supreme Court has held that the terms "amount due" and "money due" in subsections (B) and (C) means the amount of the security deposit remaining after a landlord deducts "unpaid rent and damages to the rental premises." *Vardeman v. Llewellyn*, 17 Ohio St.3d 24, 28-29, 476 N.E.2d 1038

(1985). The *Vardeman* court held that the term "amount wrongfully withheld" in subsection (C) means the amount the landlord owes the tenant after proper deductions. *Id.*; *see Smith v. Padgett*, 32 Ohio St.3d 344, 349, 513 N.E.2d 737 (1987) ("a landlord who both wrongfully withholds a portion of a security deposit and fails to timely provide the tenant with an itemized list of deductions is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees."). The *Vardeman* court also reasoned that attorney's fees under subsection (C) could only be awarded if the trial court determines that the landlord wrongfully withheld any amount of the deposit. *Vardeman* at 29.

{¶22} In *Moore-El v. Petrella*, 8th Dist. Cuyahoga No. 94749, 2011-Ohio-710, the court determined that the landlord faced no liability under R.C. 5321.16(C), even though the landlord had failed to comply with R.C. 5321.16(B), requiring the landlord to send the tenant an itemized list of deductions from the security deposit. The court applied the Ohio Supreme Court's decisions in *Smith v. Padgett* and *Vardeman v. Llewellyn* in determining that the landlord could lawfully apply the tenant's $800 security deposit toward $1,264 in past-due rent, so that the landlord did not wrongfully withhold the tenant's security deposit. *Moore-El* at ¶ 10.

{¶23} The trial court found that The Principle Group was entitled to $847 for May rent and $200 for toilet repair. Smith's security deposit was $1000. Based on these findings, the trial court should have concluded that The Principle Group could properly deduct the unpaid May rent and the toilet repairs from the $1,000 deposit, making the amount wrongfully withheld $0.

{¶24} Accordingly, The Principle Group did not violate R.C. 5321.16 in failing to return Smith's security deposit. We sustain the third assignment of error. The

Principle Group's second assignment of error dealing with the trial court's finding that The Principle Group should have sent Smith's security deposit to her work address is moot.

### Damages to the Rental Premises and Unpaid Rent

{¶25} We next address The Principle Group's first assignment of error, in which it argues that the trial court failed to award proper damages on its complaint against Smith. Specifically, The Principle Group argues that the trial court should have awarded damages for unpaid rent from June, and for other damages to the leased premises.

{¶26} The Principle Group claimed that Smith caused nearly $1,400 in damages to the premises, which included damaged floor tiles and blinds, dirty appliances, and carpet stains. Although The Principle Group produced a detailed list of damaged areas of the property, it did not produce any receipts for most of the repairs or replacements. Smith testified that some of the damages, including the living room blinds, the floor tiles, and the carpet, were damaged as a result of normal use or from a defect in the property itself. With respect to unpaid rent, the trial court found credible Smith's testimony that she had attempted to pay the rent for May, and Smith testified that she had offered to pay June rent after Whitlock initiated the initial eviction action, and that Whitlock refused to accept it. After reviewing the record, the trial court's judgment with respect to The Principle Group's claims of unpaid rent and property damage was not against the manifest weight of the evidence. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20.

{¶27} We overrule the first assignment of error.

## Landlord's Breach of the Lease

{¶28} We next address the sixth assignment of error, in which The Principle Group argues that the trial court erred in awarding Smith $1,000 for breach of contract.

{¶29} In her counterclaim, Smith alleges that The Principle Group breached the lease agreement by filing an eviction action for nonpayment of rent. The trial court determined that Whitlock's testimony that she did not receive Smith's May rent was not credible. The trial court found that Whitlock sought to evict Smith for unpaid rent in retaliation for Smith's complaints to CMHA and CHD, and that the eviction action caused Smith and her children to become homeless. As a result, the trial court determined that The Principle Group breached the lease agreement by filing an eviction action prematurely. We cannot say that the trial court's judgment with respect to Smith's counterclaim was against the manifest weight of the evidence. *See Eastley*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, at ¶ 20.

{¶30} We overrule the sixth assignment of error.

## Attorney's Fees

{¶31} In its fourth assignment of error, The Principle Group appeals the trial court's judgment awarding Smith $14,873.13 in attorney's fees.

{¶32} As we have held, the trial court erred in determining that The Principle Group wrongfully withheld Smith's security deposit under R.C. 5321.16, and the trial court also erred in determining that Whitlock violated the FDCPA. Therefore, no legal basis exists to support the trial court's attorney-fee award.

{¶33} We sustain the fourth assignment of error.

## Conclusion

{¶34}   We reverse the judgment of the trial court with respect to the award of $1,000 in damages against Whitlock on Smith's third-party claim for violation of the FDCPA.  We also reverse the judgment of the trial court with respect to the award of damages against The Principle Group for $2,000 on Smith's counterclaim for failure to return the security deposit.  Accordingly, we also reverse Smith's award of attorney's fees.  The remainder of the judgment is affirmed, and we remand the cause with instructions to enter a judgment consistent with this opinion.

Judgment affirmed in part, reversed in part, and cause remanded.


**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.