**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Naumov,* Slip Opinion No. 2019-Ohio-4381.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4381

OHIO STATE BAR ASSOCIATION *v.* NAUMOV.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Naumov,* Slip Opinion No. 2019-Ohio-4381.]**

*Unauthorized practice of law—Bringing eviction actions on behalf of limited-liability companies—Amended proposed consent decree approved and permanent injunction issued.*

(No. 2018-0870—Submitted July 9, 2019—Decided October 29, 2019.)

ON CERTIFIED REPORT by the Board on the Unauthorized Practice of Law, No. UPL 17-01.

———————————————

**Per Curiam.**

**{¶ 1}** In a January 2017 complaint, relator, Ohio State Bar Association ("OSBA"), charged respondent, Dusko Naumov, with engaging in the unauthorized practice of law by bringing eviction actions on behalf of limited-liability companies even though Naumov has never been licensed to practice law in Ohio.  On June 20,

2018, the Board on the Unauthorized Practice of Law recommended that we approve a proposed consent decree pursuant to Gov.Bar R. VII(5b). We rejected the proposal and remanded the matter for the parties to include an additional requirement in the proposed consent decree. *Ohio State Bar Assn. v. Naumov*, 153 Ohio St.3d 1446, 2018-Ohio-2928, 103 N.E.3d 826.

{¶ 2} On June 18, 2019, the board filed an amended report recommending approval of an amended proposed consent decree that incorporated the requirement we had instructed the parties to include. We accept the board's recommendation and approve the following amended proposed consent decree that was submitted by the parties:

### I. Agreed Facts

1. OSBA is a Bar Association whose members include attorneys-at-law admitted to the practice of law in Ohio and who practice throughout the State of Ohio. OSBA, through its Unauthorized Practice of Law Committee, is authorized by Gov.Bar R. VII to file a Complaint with the Board regarding the unauthorized practice of law.

2. Respondent is an individual residing and transacting business in the State of Ohio. At all relevant times hereto, Respondent has been engaged in business as a landlord of residential real estate in and around Columbus, Ohio.

3. Respondent is not, nor has he ever been, an attorney admitted to practice, granted active status, or certified to practice law in the State of Ohio pursuant to Rules I, II, III, IV, VI, IX, or XI of the Rules of the Government of the Bar of Ohio.

4. At all relevant times hereto, Respondent drafted, signed, and litigated in a representational capacity civil actions for

eviction and related claims for monetary damages against tenants and/or former tenants residing in property owned by third-parties.

5. As shown in Exhibit A attached to Relator's Complaint, from January 1, 2014, to the present, Respondent signed and filed 50 civil complaints, each of which constitutes a separate occurrence of the unauthorized practice of law.

6. Upon learning of the alleged unauthorized practice of law by Respondent, OSBA sent him a letter notifying him of the allegation. Respondent has stopped engaging in the unauthorized practice of law after October 2015.

**II.      Applicable law**

7. R.C. 4705.01 provides: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct[,] or defend any action or proceeding in which the person is not a party concerned * * * unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules."

8. The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice law in Ohio. Gov.Bar R. VII(2)(A).

9. Non-attorneys cannot file complaints for forcible entry and detainer and recovery of unpaid rent or other money damages on behalf of a property owner. *Cleveland Bar Ass'n v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187.

**III.      Joint Recommendation**

10. OSBA and Respondent[] hereby agree that the conduct described in paragraphs four and five herein—specifically, drafting and signing complaints for forcible entry and detainer and

money damages on behalf of a property owner and representing that property owner in related legal proceedings—constitutes the unauthorized practice of law.

11.     Respondent Dusko Naumov has ceased the conduct described in paragraphs four and five herein and he shall not engage in such conduct in the future [and] is hereby permanently enjoined from engaging in such conduct in the future and from otherwise engaging in the unauthorized practice of law in the State of Ohio.

12.     Further, Respondent Dusko Naumov shall have an attorney seek to vacate any outstanding money judgments and dismiss those cases within 60 days of the final order in this case.

13.     The parties jointly recommend that no civil penalty be imposed against Respondent.  The factors of Gov.Bar R. VII(8)(B) apply as follows:

(1) *The degree of cooperation provided by the respondent in the investigation:* Respondent has cooperated fully in both the pre-filing and post-filing investigation of this matter.  Respondent promptly ceased all conduct that allegedly constituted the unauthorized practice of law upon receiving notice from OSBA in 2015.

(2) *The number of occasions that unauthorized practice of law was committed:* from January 1, 2014, through the present, Respondent committed at least 50 violations.

(3) *The flagrancy of the violation:* the violations were unknowing or unwitting, and are far from the most severe, deliberate, ill-willed, or damaging conduct OSBA and the Board have seen.  It is understood that Respondent owns and manages the limited liability companies that were the deeded owners of the real

properties that were the subjects of the eviction actions at issue in this case.

*(4) Harm to third parties arising from the offense:* there was no known harm to the limited liability companies which owned the real estate in question. Respondent owns and manages those companies. Most of the defendant-tenants in those cases were evicted. However, several of the claims in those cases were dismissed for failure to prosecute, upon agreement of the parties, or by the Respondent. Respondent has not collected on the money judgments obtained in those cases; nor will Respondent take further action to collect on any such judgments.

*(5) Any other relevant factors:* none.

The parties accordingly agree that a civil penalty should not be imposed and, because no costs have been incurred by either party, costs should not be assessed on either party.

(Boldface, ellipsis, and italics sic.)

So ordered.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Kaufman & Florence and William Robert Kaufman; and Robin L. McGuire Rose, for relator.

Ira B. Sully, for respondent.

_____